J-S65008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACOB RIVERA | |
| Appellant | No. 2418 EDA 2013 |

Appeal from the PCRA Order July 23, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004916-2011
CP-39-CR-0004917-2011

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.               **FILED DECEMBER 18, 2014**

Appellant, Jacob Rivera, appeals *pro se* from the order entered July 23, 2013, by the Honorable Kelly L. Banach, Court of Common Pleas of Lehigh County, which denied Rivera's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  No relief is due.

We take the facts and procedural history of this case from the PCRA court's opinion.  Rivera entered a negotiated guilty plea to one count of Fleeing or Attempting to Elude a Police Officer at case number 4916 of 2011, and one count of Burglary at case number 4917 of 2011.  Rivera was sentenced on August 2, 2012.  Rivera filed a post-sentence motion in which

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 42 PA.CONS.STAT.ANN. §§ 9541-9546.

he argued, *inter alia*, that the trial court erred in basing his prior record score on a thirty-year-old juvenile adjudication for burglary. The trial court denied Rivera's motion. Rivera did not file a direct appeal.

Rivera filed a timely *pro se* PCRA petition and the PCRA court appointed counsel. Thereafter, appointed counsel filed a Motion to Withdraw and a "no merit" letter, which the trial court granted following a hearing. Following several continuances, Rivera filed a second PCRA petition, which the PCRA court treated as an amended PCRA petition. On July 23, 2013, following a hearing, the PCRA court denied Rivera's petition. This timely *pro se* appeal followed.

On appeal, Rivera raises the following issues for our review:

I.   Whether Appellant's plea of [g]uilty was knowingly, voluntarily and intelligently entered due to erroneous advice and ineffective assistance of counsel.

II.  Whether Appellant's [s]entence is illegal and/or excessive due to improper application of [j]uvenile [r]ecord and his [p]rior [r]ecord [s]core.

III. Whether the [c]ourt's denial of Appellant's Petition for Post-Conviction Relief is supported by the record and free from legal error.

Appellant's Brief at 2.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted). "The PCRA court's findings

will not be disturbed unless there is no support for the findings in the certified record." *Id*. (citation omitted). The PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations. *Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013).

To establish ineffectiveness of counsel, "a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citation omitted), *appeal denied*, 84 A.3d 1062 (Pa. 2014). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Id*. If a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective. *Commonwealth v. Lauro*, 819 A.2d 100, 106 (Pa. Super. 2003) (citations omitted). Failure to satisfy any prong of the test requires that the claim be dismissed. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an

involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id***. (citations and internal quotation marks omitted).

Herein, Rivera argues that he was misled by trial counsel to believe he would receive a significantly lesser sentence than the sentence imposed, and that he would never have entered into the guilty plea had he been informed of the actual potential sentence. ***See*** Appellant's Brief at 5. As previously noted, the PCRA court conducted a hearing on Rivera's amended petition on July 23, 2013. At the hearing, at which Rivera appeared *pro se*, the Commonwealth presented the testimony of Amy Sonin, Esquire, of the Lehigh County Office of the Public Defender, who represented Rivera at his preliminary hearing. Attorney Sonin testified that she did not discuss a plea deal with Rivera at the preliminary hearing or otherwise discuss the length of a potential sentence. ***See*** N.T., PCRA Hearing, 7/23/13 at 15-17.

Following the Commonwealth's direct examination, Rivera became verbally combative and refused to question the witness on cross-examination. ***See id***. at 17-22. After the witness was dismissed, Rivera demanded the court appoint new counsel, declared that the court was "violating [his] rights," and informed the court that he was leaving. ***Id***. 23-24. Due to Rivera's unwillingness to engage in the proceedings and support

- 4 -

the claims raised in his PCRA petition, the court determined that Rivera had abandoned his PCRA petition and dismissed the petition. **See id**. at 25-27.

Although repeatedly informed by the court of his right to retain private counsel, Rivera did not do so. The PCRA court afforded Rivera ample opportunity to prove his claims at the PCRA hearing. By his outrageous conduct, Rivera effectively abandoned the PCRA proceedings and thus failed to establish even a single prong of the test required to prove ineffective assistance of counsel. As such, this claim fails. **See O'Bidos**, **supra**.

In his next issue on appeal, Rivera argues that the trial court erred in allegedly basing his prior record score on a thirty-year-old juvenile adjudication for burglary. This issue implicates the discretionary aspects of Rivera's sentence. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted) ("If a sentencing court considers improper factors in imposing sentence upon a defendant, although the sentence thereby imposed is not rendered illegal, the court has committed an abuse of discretion."). This question does not raise a cognizable challenge under the PCRA, which provides only for challenges to sentences that have been imposed in excess of the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii). **See also Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007) (citation omitted) ("Requests for relief with respect

to the discretionary aspects of sentence are not cognizable in PCRA proceedings."). This claim, too, fails.[2]

Rivera's final issue on appeal merely regurgitates the arguments raised in issues one and two. We need not address this final issue further.

Order affirmed. Jurisdiction relinquished.
Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014

---

[2] We additionally note that this claim is waived as Rivera could have raised this issue on direct appeal, but did not do so. *See* 42 Pa.C.S. § 9544(b) ("An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding.").