J-S22031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT LEE BROOKS, | : | |
| | : | |
| Appellant | : | No. 1706 WDA 2014 |

Appeal from the PCRA Order Entered June 20, 2014,
in the Court of Common Pleas of Lawrence County,
Criminal Division, at No(s): CP-37-CR-0001069-2010

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MAY 22, 2015**

Albert Lee Brooks (Appellant) appeals from the order entered on June 20, 2014, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows.

Sergeant Robert Salem of the New Castle Police Department received information from several different sources that [Appellant] was selling marijuana from his residence and provided that [information] to Agent Brian Babusci of the Pennsylvania State Board of Probation and Parole.  [Appellant] is a parolee under the supervision of Agent Babusci.  Shortly thereafter, Agent Babusci contacted his supervisor and provided him with the information received from Sergeant Salem. The decision was made that Agent Babusci would search [Appellant's] residence.  On October 5, 2010, Agent Babusci made a field visit to [Appellant's] residence located at 1318 South Jefferson Street, New Castle, Lawrence County, Pennsylvania, and the agent was accompanied by Officer James Paglia of the New Castle Police Department, who was a member of the narcotics bureau.  When the agent and the officer arrived at the residence, they were met by [Appellant's] girlfriend,

*Retired Senior Judge assigned to the Superior Court.

Teresa Wright, as they exited their vehicle. Agent Babusci asked if [Appellant] was home and Ms. Wright answered in the affirmative. She also opened the door to the residence and permitted the officers to enter. It must be noted that Ms. Wright did not live at [Appellant's] residence on the date of this incident. As they entered the residence, Agent Babusci observed [Appellant] sitting on a couch with a child. Agent Babusci then asked to speak with [Appellant] in the kitchen and [Appellant] complied. During their conversation, [Agent Babusci] revealed that he had information [Appellant] was selling marijuana and asked if there was any contraband in the residence. [Appellant] directed the agent toward a pantry where a small backpack was resting. The agent searched the backpack and he found numerous small sandwich baggies, two scales and a larger bag containing what the agent believed to be marijuana. There was also another bag with a similar substance in it. At that time, Agent Babusci stopped his search and provided the evidence to Officer Paglia, so that he could conduct a criminal investigation into the matter.

[Appellant] was subsequently arrested and charged….

[Following trial, a jury convicted Appellant of possession of a controlled substance and possession of drug paraphernalia]. He was acquitted of the charges of [possession of a controlled substance with intent to deliver and possession of a small amount of marijuana]. [Appellant] was sentenced on September 21, 2012, at which time he presented an oral Motion For Judgment Of Acquittal on the charge of [possession of a controlled substance], which was granted by the [c]ourt. [Appellant] was then sentenced to a term of incarceration of not less than six months nor more than twelve months….

On September 24, 2012, [Appellant] filed his Post-Trial Motions….

* * *

Eventually, [the trial court] denied [Appellant's] Post-Trial Motions on January 3, 2013….

- 2 -

*Commonwealth v. Brooks*, 83 A.3d 1063 (Pa. Super. 2013) (unpublished memorandum at 1-3) (quoting Trial Court Opinion, 3/8/2013 at 1-4). On August 9, 2013, this Court affirmed Appellant's judgment of sentence. Appellant did not petition the Supreme Court for allowance of appeal.

Appellant timely filed a *pro se* PCRA petition. Appointed counsel for Appellant, Gregory M. Rosatelli, Esquire, (Attorney Rosatelli) subsequently filed an amended PCRA petition. Therein, Appellant claimed that trial counsel rendered ineffective assistance by failing "to object to the [trial court's] erroneous jury instruction when the [c]ourt stated that [Appellant] has been charged with unlawfully possessing marijuana and possessing heroin with the intent to sell." Amended PCRA Petition, 1/24/2014, at ¶15. The PCRA court held an evidentiary hearing, and on June 20, 2014, the court denied the PCRA petition.

On July 9, 2014, Attorney Rosatelli filed a motion for leave to withdraw as counsel. According to this motion, Attorney Rosatelli informed Appellant that he did not intend to file an appeal of the order denying the PCRA petition. The PCRA court granted counsel's motion the same day it was filed.

On July 23, 2014, the Public Defender's Office of Lawrence County filed a petition for assignment of appeal counsel. Therein, the Public Defender's Office stated that Appellant wished to appeal the order denying his PCRA petition but is unable to afford private counsel. The Public Defender's Office

averred that its review of Appellant's financial status revealed that he does not have sufficient funds to hire counsel. The Public Defender's Office asked the PCRA court to appoint counsel to represent Appellant. The PCRA court granted this petition on the same day it was filed and appointed Carolyn Flannery, Esquire, (Attorney Flannery) to represent Appellant.

On August 19, 2014, Attorney Flannery filed a petition wherein she sought an order allowing Appellant to file a notice of appeal *nunc pro tunc* from the order denying his PCRA petition. She amended that petition on September 22, 2014, and the PCRA court granted the petition on the day it was filed. The order allowed Appellant 30 days to file an appeal. Appellant filed a notice of appeal on October 17, 2014.

The PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the PCRA court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a). In his brief to this Court, Appellant asks us to consider the question that follows.

> Did the [PCRA] court err by denying Appellant's PCRA relief as trial counsel provided ineffective assistance that so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place where counsel failed to object to the trial court's jury instruction that inaccurately stated that Appellant was charged with unlawfully possessing heroin with the intent to sell it when in fact Appellant was not charged with any crimes related to heroin but only marijuana?

Appellant's Brief at 4 (footnote omitted). Before we can address this issue, we must determine whether we have jurisdiction to entertain this appeal.

This Court may raise such an issue *sua sponte*. **See Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012) ("As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed. Even where neither party nor the PCRA court [has] addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court.") (citation and quotation marks omitted).

The PCRA court denied Appellant's PCRA petition on June 20, 2014. In order to appeal that order in a timely fashion, Appellant had to file a notice of appeal within 30 days of the entry of the order. Pa.R.A.P. 903(a). Because the thirtieth day fell on a Sunday, Appellant had until July 21, 2014, to file timely a notice of appeal. Appellant did not file his notice of appeal until October 17, 2014. Thus, this appeal is facially untimely.

However, as we noted above, on August 19, 2014, Attorney Flannery filed a petition to reinstate Appellant's right to appeal the order denying his PCRA petition. The PCRA court should have treated that petition as a PCRA petition. **See Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002) ("[Fairior's] January 8, 2001 petition for reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second [] PCRA petition."). The question then becomes whether Appellant timely filed the petition to reinstate his right to appeal the order denying his PCRA petition. **See id.** ("Although [**Commonwealth v. Hall**, 771 A.2d 1232 (Pa. 2001)]

and [**Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999)] dealt with the restoration of direct appeal rights, these cases teach that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA.").

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

This Court affirmed Appellant's judgment of sentence on August 9, 2013. Appellant had 30 days from that date to seek allowance of appeal in the Supreme Court. Pa.R.A.P. 1113(a). The thirtieth day fell on a Sunday; thus, Appellant had until Monday, September 9, 2013, in order to seek review of his judgment of sentence. He did not do so. Consequently, for purposes of the PCRA, his judgment became final on September 9, 2013.

Accordingly, Appellant had until September 9, 2014, in order to file timely a PCRA petition. Appellant filed his petition to reinstate his right to

appeal the order denying his PCRA petition on August 19, 2014. Thus, Appellant timely filed the petition. Moreover, the PCRA court granted that petition, the Commonwealth did not appeal the order, and Appellant timely filed a notice of appeal. We, therefore, conclude that we have jurisdiction to consider this appeal.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

At trial, Appellant's drug-possession charges all stemmed from his alleged possession of marijuana. There were no allegations that he possessed or possessed with the intent to sell heroin. The trial court's charge to the jury reflects that Appellant's drug-possession charges were marijuana related, save for when the court stated, "In this case, [Appellant] is charged with possession of a controlled substance and a separate crime, possession with intent to sell a controlled substance, specifically, [Appellant] has been charged with unlawfully possessing marijuana and possessing heroin with the intent to sell it." N.T., 7/18/2012, at 98. Appellant claims that trial counsel rendered ineffective assistance by failing to object to this misstatement. We disagree.

"To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any

reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).

The jury convicted Appellant of possession of a controlled substance and possession of drug paraphernalia. The court's erroneous statement regarding heroin only could have arguably affected the possession-of-a-controlled-substance conviction. That conviction was reversed when the trial court granted Appellant's motion for judgment of acquittal. Thus, to the extent the court's misstatement had any impact on the outcome of the trial, that impact was eradicated when the court threw out Appellant's possession-of-a-controlled-substance conviction.

For these reasons, we conclude that Appellant is not entitled to PCRA relief and that the PCRA court properly denied Appellant's PCRA petition. We, therefore, affirm the court's order.[1]

Order affirmed.

---

[1] The manner in which we dispose of Appellant's issue differs from that of the PCRA court; however, we may affirm a PCRA's court decision on any ground supported by the record. ***See Commonwealth v. McKeever*** 947 A.2d 782, 786 n.4 (Pa. Super. 2008) ("Although our rationale regarding the jurisdictional propriety of Appellant's second PCRA petition differs from the PCRA court, we, as an appellate court, are empowered to affirm [the PCRA court's] decision on any ground without regard to the ground relied upon by [the PCRA court] itself.") (citation and quotation marks omitted).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/22/2015