**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Willie JONES, Appellee.**

Superior Court of Pennsylvania.

Submitted July 1, 2013.

Filed July 23, 2013.

1062

Leanne K. Shipley, Pittsburgh, for Commonwealth, appellant.

John Ciroli, Jr., Public Defender, Pittsburgh, for appellee.

BEFORE: LAZARUS, OLSON and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

The Commonwealth appeals the order granting Willie Jones's petition under the Post Conviction Relief Act ("PCRA"). We vacate the order and remand with instructions to conduct further proceedings.

A jury convicted Jones of rape and related offenses. On direct appeal, we affirmed his judgment of sentence. *Commonwealth v. Jones*, 996 A.2d 546 (Pa.Super.2010). Jones did not seek allowance of appeal.

In May 2010, Jones filed a timely *pro se* PCRA petition. The court appointed counsel. Counsel filed an amended petition raising multiple claims. The PCRA court conducted a hearing and later granted Jones relief in the form of a new trial. The court's decision to do so was based on its determination that counsel was ineffective in not requesting that the jury be polled after announcement of the verdict. In this regard, the court appeared to conclude that, once it was determined from the trial transcript that counsel did not ask

---

* Retired Senior Judge assigned to the Superior Court.

for polling, prejudice was to be presumed.[1] Thus, the PCRA court effectively found counsel's decision not to have the jurors polled was *per se* ineffectiveness. Having granted relief on the ineffectiveness/jury-polling issue, the court did not address Jones's remaining PCRA claims. The Commonwealth filed this appeal contending it was error for the court to presume prejudice and to find counsel ineffective.

■ Our standard for reviewing PCRA orders is to determine whether the court's rulings are supported by the record and free of legal error. *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 679 (2009).

■ To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. *Commonwealth v. Montalvo*, 434 Pa.Super. 14, 641 A.2d 1176, 1186–87 (1994). Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Id.* at 1187.

In *Montalvo*, the appellant argued trial counsel was ineffective for not asking that the jury be polled. A panel of this Court first set forth the aforesaid three-part test for ineffectiveness. *Id.* at 1186–87. Thereafter, the panel reasoned that the jury foreman had twice announced a unanimous verdict after the jury had deliberated for less than half an hour. The panel concluded it was "not prepared to hold that trial counsel was ineffective for failing to request that the jury be polled under such circumstances." *Id.* at 1188.

When reaching that result, the *Montalvo* panel relied on *Commonwealth v. Rivers*, 256 Pa.Super. 466, 390 A.2d 197, 200–

01 (1978), a case that also involved a claim of ineffectiveness for failing to ask for a jury poll. In *Rivers*, after the jury foreman announced the verdict, the trial court specifically inquired if the jurors' decision was unanimous. The foreman indicated it was. Also, the court crier asked if all twelve jurors had agreed upon the verdict. The foreman replied that they had. A panel of this Court opined that, because the foreman indicated two times that the verdict was unanimous and because the jurors needed only a relatively brief time to reach their decision, the panel would not find counsel ineffective for not asking that the jury be polled. *Rivers*, 390 A.2d at 201. As part of its decision, the panel in *Rivers* noted that counsel could "not be deemed ineffective for not pursuing a non[-]meritorious or fruitless motion." *Id.*

■■ In light of *Montalvo* and *Rivers*, we find the standard, tripartite test for ineffectiveness must be applied to Jones's claim that counsel was ineffective for not asking the court to poll the jury. Additionally, no prong of the test—arguable merit, reasonable basis or prejudice—is to be presumed based on counsel's failure to request that the jury be polled. Thus, rather than finding counsel's failure to seek polling was *per se* ineffectiveness, the PCRA court should have considered all the facts of the case to determine if Jones established each part of the ineffectiveness paradigm, including prejudice.

The PCRA court relied on *Commonwealth v. Downey*, 557 Pa. 154, 732 A.2d 593, 595–96 (1999), an opinion that reaffirmed the importance of a criminal defendant's right to have the jury polled and that rejected the Commonwealth's argument that there must be a showing of

---

1. The record supports the court's finding that counsel did not move for polling of the jury. At the PCRA hearing, counsel testified that he rarely requests polling because he has never found it to benefit a defendant.

prejudice before a new trial would be granted where the trial court wrongly refused the defendant's request for polling. *Downey* involved trial court error. More specifically, it was error for the trial court to deny the defendant's motion for polling merely because the defendant waited until after the recordation of the verdict to make his motion. *Downey*, 732 A.2d at 595–96. The Supreme Court affirmed this Court's decision to grant a new trial because of the trial court's error. *Id. Downey* did not involve an ineffectiveness claim and, as such, did not require the application of the ineffectiveness test. As the present case involves a claim of ineffectiveness, it is distinguishable from *Downey*. Accordingly, the instant PCRA court misapplied the law in reaching its result.

Based on our foregoing discussion, we vacate the PCRA court's order. We remand this case with instructions that the court consider Jones's allegation(s) regarding counsel's ineffectiveness consistent with our discussion herein. Additionally, the court should consider Jones's remaining PCRA claims as needed to resolve his petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.