J-S61043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
TERRENCE ALLEN, :
:
Appellant : No. 1003 WDA 2014

Appeal from the PCRA Order June 24, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0007863-2007 and
CP-02-CR-0010882-2007

BEFORE: FORD ELLIOTT, P.J.E., WECHT and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED OCTOBER 14, 2014**

Terrance Allen (Appellant) appeals from the order entered on June 24, 2014, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The background underlying this matter can be summarized as follows. At approximately 10 a.m. on October 10, 2006, Appellant shot his step-father, Terrance Williams, four times in his legs. The shooting occurred in the Beltzhoover neighborhood in the City of Pittsburgh. Williams died as a result of his injuries on November 11, 2006.

A jury convicted Appellant of third-degree murder, and the trial court sentenced Appellant to twenty to forty years in prison. On December 1, 2011, this Court affirmed the judgment of sentence. ***Commonwealth v. Allen***, 40 A.3d 181 (Pa. Super. 2011) (unpublished memorandum).

* Retired Senior Judge assigned to the Superior Court.

Appellant petitioned our Supreme Court for allowance of appeal; the Supreme Court denied that petition on October 16, 2012. ***Commonwealth v. Allen***, 54 A.3d 346 (Pa. 2012) (table).

On September 9, 2013, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant, and counsel filed an amended petition on Appellant's behalf. In his amended petition, Appellant claimed that trial counsel was ineffective for failing to call two alibi witnesses at trial, Rahshedia Chapman and Garnett Brock.

The PCRA court held hearings regarding Appellant's petition on March 25 and 27, 2014. Chapman, Appellant, and trial counsel testified at the March 25th hearing, and Brock testified at the March 27th hearing.

Chapman testified that Appellant was at the home she shares with Brock in Wilkinsburg on the morning of the shooting. Her testimony regarding when Appellant arrived at her home was equivocal at best. She eventually settled on her belief that Appellant arrived at her home between 10:00 and 11:00 a.m., but closer to 10:00 than 11:00. Brock testified that Appellant arrived at his and Chapman's home at 10:03 a.m. on the morning of the shooting.

Appellant testified that he arrived in Wilkinsburg at around 9:15 or 9:30 a.m. on the morning of the shooting. Appellant stated that he went to the home of Chapman and Brock shortly after arriving in Wilkinsburg and that he stayed there until the afternoon. Appellant further testified that he

- 2 -

informed trial counsel that Chapman and Brock could provide him with an alibi.

Trial counsel testified that Appellant informed him of his alibi witnesses. Trial counsel stated that he sent a private investigator (PI) to speak to Chapman and Brock. According to trial counsel, PI informed counsel that he spoke to the potential witnesses and that they placed Appellant at their home at 11:00 a.m. Trial counsel testified that he subpoenaed the witnesses for trial and spoke to them in the hallway during the trial. Counsel, however, ultimately decided not to pursue an alibi defense because "[t]here would be a window of opportunity for [Appellant] to have done this shooting and still gotten to Wilkinsburg by 11." N.T., 3/25/2014, at 38. Counsel instead pursued a "causation defense."

In an order dated June 19, 2014, but entered on June 24, 2014, the PCRA court denied Appellant's PCRA petition. In support of its decision to deny the petition, the PCRA court ultimately concluded that

> trial counsel was not ineffective in abandoning the alibi defense and instead pursued the stronger more viable defense of causation. After discussing all of that with [Appellant,] trial counsel had an objective and reasonable basis for, and [Appellant] was not prejudiced by, the withdrawal of the alibi defense in favor of the causation issue.

N.T., 6/16/2014, at 11-12. According to counsel, he called an expert witness at trial who testified that Williams "did not die from gunshot wounds but as a result of hardening of arteries that was a preexisting condition." N.T., 3/25/2014, at 39. In reaching its conclusion, the PCRA court clearly

- 3 -

credited trial counsel's testimony and discredited the other witnesses' testimony.

Appellant timely filed a notice of appeal.[1]   In his brief to this Court, Appellant asks us to consider one question, namely,

> [] Did the [PCRA] court err in denying Appellant's PCRA petition since trial counsel [] was ineffective for failing to call alibi witnesses Rahshedia Chapman and Garnett Brock to testify at Appellant's jury trial since they would have testified that Appellant was with them at their home, which was a nineteen minute drive away from the shooting scene, when the victim was shot?

Appellant's Brief at 3 (unnecessary capitalization and PCRA court's answer omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Appellant's issue involves a claim that his trial counsel rendered ineffective assistance of counsel. "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. …" *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).

---

[1] The PCRA court did not direct Appellant to comply with Pa.R.A.P. 1925(b).

Appellant's argument in support of his issue does not address directly the PCRA court's conclusion that trial counsel had a reasonable basis for not pursuing an alibi defense. Instead, Appellant highlights the PCRA hearing testimony that is favorable to his claim and reasserts his position that trial counsel was ineffective for failing to utilize Chapman and Brock as alibi witnesses.

Trial counsel's testimony established that he investigated the possibility of pursuing an alibi defense. His testimony further established that he and Appellant decided not to present such a defense because Chapman and Brock were unable to place Appellant in their home at a time that would be consistent with an alibi defense. We can discern no error or abuse of discretion in the PCRA court's conclusion that counsel acted with a reasonable basis in this regard.[2]

Appellant has failed to convince us that he is entitled to relief. Consequently, we affirm the order denying his PCRA petition.

Order affirmed.

---

[2] While we agree with the PCRA judge that the causation defense was Appellant's strongest issue at trial, we do not view this as an "either/or" situation. The alibi defense and the causation defense are not mutually exclusive. If the alibi defense were meritorious, counsel could and should have raised it along with the causation defense. However, counsel legitimately concluded that it was not meritorious and thus to raise it would have been a mistake.

J-S61043-14

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014