J-S04038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
NEAL L. PATTON, :
:
Appellant : No.  532 WDA 2015

Appeal from the PCRA Order February 27, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0004832-2004

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED: February 9, 2016**

Neal L. Patton (Appellant) *pro se* appeals from the order entered on February 27, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The relevant background underlying this matter can be summarized as follows.  Appellant was charged with murder in connection with the shooting death of his brother, Anthony Patton.  After a trial, a jury convicted Appellant of first-degree murder, and the trial court sentenced him to life in prison.

Appellant filed a direct appeal to this Court, arguing that comments from the prosecutor amounted to misconduct and that the trial court erred by refusing to charge the jury on voluntary manslaughter.  In a published

---

*Retired Senior Judge assigned to the Superior Court.

opinion, this Court affirmed the judgment of sentence. ***Commonwealth v. Patton***, 936 A.2d 1170 (Pa. Super. 2007).

Appellant petitioned our Supreme Court for allowance of appeal. The Court granted the petition limited to the issue of prosecutorial misconduct. On December 30, 2009, the Supreme Court affirmed this Court's order. ***Commonwealth v. Patton***, 985 A.2d 1283 (Pa. 2009).

On or before January 4, 2011, Appellant *pro se* timely filed his PCRA petition. The disposition of that petition was delayed by, *inter alia*, the need to resolve Appellant's other *pro se* filings and the death of the trial judge. The matter eventually was reassigned to a new judge, who appointed counsel to represent Appellant. Because Appellant expressed a desire to represent himself, the PCRA court held a hearing pursuant to ***Commonwealth v. Grazier***, 719 A.2d 81 (Pa. 1998). Thereafter, the court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel and allowed Appellant to proceed *pro se*.

On February 14, 2014, Appellant filed an amended PCRA petition. On March 24, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907(1) that it intended to dismiss the petition without holding an evidentiary hearing because the petition was untimely filed and meritless. Appellant responded to this notice by filing a document entitled "Motion to Request Continuance of PCRA Proceedings." Therein, Appellant argued that he timely filed his petition and that his claims had merit. The PCRA court granted that

- 2 -

motion to continue and ordered Appellant to file an amended PCRA petition by July 15, 2014.

Appellant filed another amended PCRA petition. On July 18, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907(1) that it intended to dismiss the petition without holding an evidentiary hearing because the petition was untimely filed. On August 4, 2014, the Commonwealth filed an answer to the amended petition. Appellant timely responded to the Rule 907(1) notice by filing a document entitled "Motion to Request Continuance of PCRA Proceedings and an Evidentiary Hearing." Appellant again argued that he timely filed his petition.

On October 28, 2014, the PCRA court issued an order withdrawing its July 18, 2014 order. The court further stated that it intended to dismiss the petition pursuant to Rule 907(1) because Appellant's claims are meritless. Appellant responded to this order by filing another "Motion to Request Continuance of PCRA Proceedings and an Evidentiary Hearing." The PCRA court granted that motion in an order entered on December 11, 2014. In the same order, the court directed Appellant to notify the court in writing as to when he is ready to proceed. On December 29, 2014, Appellant notified the court that he was ready to proceed.

On February 27, 2015, the PCRA court dismissed Appellant's petition as meritless. Appellant timely filed a notice of appeal. The PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a

1925(b) statement. The court later issued an opinion pursuant to Pa.R.A.P. 1925(a). In his brief to this Court, Appellant asks us to consider a number of questions, which we will address below.[1] Appellant's Brief at 4-5.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

At trial, the Commonwealth presented the expert testimony of Shaun Ladnam, M.D., who was a forensic pathologist for the Allegheny County Coroner's Office. Dr. Ladnam offered testimony regarding the autopsy of Anthony Patton; however, Leon Rozin, M.D., the chief forensic pathologist for the Coroner's Office, actually conducted the autopsy and prepared a report based upon that autopsy. Dr. Ladnam's expert testimony was based in part on his review of Dr. Rozin's autopsy report.

Appellant first argues that his constitutional right to confront witnesses was violated because he was not given the opportunity to cross examine Dr. Rozin regarding the content of his autopsy report. Appellant's Brief at 16-24. Appellant could have raised this issue at trial. Consequently, the issue is waived for purposes of the PCRA. *See* 42 Pa.C.S. § 9544(b) ("For

---

[1] It is unclear why the PCRA court believed at times that Appellant untimely filed his PCRA petition. While neither party raises an issue regarding the timeliness of Appellant's petition, it is obvious to this Court that Appellant timely filed his petition.

- 4 -

purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Next, Appellant contends that trial counsel was ineffective for failing to object at trial to Dr. Ladnam's testimony on the basis that Appellant should be permitted to confront Dr. Rozin regarding his autopsy report. Appellant's Brief at 25-35. "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).

At trial, Appellant conceded that he shot his brother. Through his testimony and trial counsel's arguments, Appellant attempted to convince the jury that he did not shoot his brother intentionally. In other words, Appellant contended that, while he may have committed a lesser-degree of homicide, he was not guilty of first-degree murder.

In support of the prejudice prong of his claim of ineffective assistance of counsel, Appellant seems to suggest that, if counsel would have objected to Dr. Ladnam's testimony on the basis of a violation of his right to confront Dr. Rozin and if Appellant would have had the opportunity to cross examine

Dr. Rozin, then he would have been able to establish that he did not shoot his brother intentionally. Appellant has failed to persuade us that counsel's inaction prejudiced him. Our conclusion in this regard is guided by our Supreme Court's decision in **Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010).

At Ali's trial, the Commonwealth presented the expert testimony of Ian Hood, M.D., a deputy medical examiner. The Commonwealth did not present testimony from Frederic Hellman, M.D., who was the medical examiner that performed the autopsy and drafted the autopsy report. A jury ultimately convicted Ali of first-degree murder and sentenced him to death. Our Supreme Court affirmed the judgment of sentence.

In his PCRA petition, Ali raised a number of claims, which the PCRA court rejected. Ali appealed to our Supreme Court. Our Supreme Court summarized the claims relevant to this appeal as follows.

> [Ali] next claims that direct appeal counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to adequately challenge the Commonwealth's failure to produce at trial [Dr. Hellman]. [Ali] argues that his counsel's default denied him his constitutional right to confrontation, which he asserts he preserved at trial by refusing to stipulate to Dr. Hellman's testimony.

> [Ali] relatedly alleges that trial counsel was ineffective for failing to adequately challenge the trial court's error in permitting [Dr. Hood] to testify as to the cause of the victim's death…. [Ali] acknowledges that trial counsel objected to Dr. Hood testifying in lieu of Dr. Hellman, but claims that counsel should have extended the challenge by moving for a mistrial.

- 6 -

*Ali*, 10 A.3d at 304-05 (footnote omitted).

The Supreme Court rejected Ali's claims. As to the prejudice prong of the ineffective assistance of counsel standard, the Court opined:

> We also agree with the PCRA court that [Ali] has not shown [] prejudice. He has not shown that Dr. Hellman's testimony would have differed from that of Dr. Hood at all, or that cross-examination of Dr. Hellman would have revealed such different information that there is a reasonable probability of a different verdict. Instead, [Ali] confines himself to the procedural aspects of his complaint. Because [Ali] has not established ineffective assistance of trial counsel, his derivative claim of ineffective assistance of direct appeal counsel similarly fails.

*Id.* at 307.

Here, Appellant's argument fails to indicate how Dr. Rozin's testimony would have differed at all from Dr. Ladnam's testimony. Indeed, Appellant does not offer a convincing explanation as to how the cross examination of Dr. Rozin would have bolstered his contention that he did not intentionally kill his brother. Stated succinctly, Appellant has failed to convince us that there is a reasonable probability that the outcome of his trial would have been different had counsel successfully objected to Dr. Ladham's testimony, requiring Dr. Rozin to testify at trial. Consequently, this claim of ineffective assistance of counsel warrants no relief.

In support of his next issue, Appellant argues that the trial court erred by refusing to charge the jury on voluntary manslaughter. Appellant's Brief at 36-41.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that … the issues raised have not been previously litigated[]. An issue is previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]

***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa. Super. 2011) (citations and quotation marks omitted). Appellant raised his jury-instruction issue on direct appeal, and this Court determined the issue was meritless. ***Patton***, 936 A.2d at 1175-78. Thus, the issue was previously litigated.

Appellant next arguably presents a claim that his sentence is illegal because the trial court failed to follow the mandates of 42 Pa.C.S. § 9711, which is entitled "Sentencing procedure for murder of the first degree." This statute provides, in pertinent part, as follows.

**(a) Procedure in jury trials.--**

(1) After a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment.

42 Pa.C.S. § 9711.

The primary thrust of Appellant's confusing argument seems to be that the trial court could not sentence him to life in prison because the jury never determined whether his sentence should be death or life imprisonment. However, the Commonwealth did not seek the death penalty in this case, which left the court with one sentencing option, namely, to sentence

Appellant to life in prison. Because the trial court sentenced Appellant to life imprisonment, Appellant's sentence is legal, and this issue warrants no relief.

In support of his penultimate issue, Appellant essentially maintains that his trial judge, the Honorable John Reilly, was not in fact a judge during the trial and that this circumstance, *inter alia*, deprived him of due process. Appellant's Brief at 47-50. Appellant could have raised this issue before, during, or after his trial. Consequently, the issue is waived for purposes of the PCRA. **See** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Lastly, Appellant argues that the PCRA court violated Pa.R.Crim.P. 907(1).[2] Appellant's Brief at 51-54. In so doing, Appellant points out that,

---

[2] Rule 907(1) states,

> Except as provided in Rule 909 for death penalty cases, [] the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition

on December 11, 2014, the PCRA court granted his "Motion to Request Continuance of PCRA Proceedings and an Evidentiary Hearing." Yet, on February 27, 2015, the PCRA court dismissed Appellant's petition as meritless. According to Appellant, the court's action in this regard violated Rule 907(1) because the court did not issue notice that it intended to dismiss the petition without holding an evidentiary hearing.

Relying on our Supreme Court's decision in **Commonwealth v. Albrecht**, 720 A.2d 693 (Pa. 1998), the Commonwealth argues that, because the PCRA court did not summarily dismiss Appellant's PCRA petition, the court was not required to provide Appellant with notice pursuant to Rule 907(1). We agree with the Commonwealth.

In **Albrecht**, our Supreme Court explained as follows.

> Finally, [Albrecht] argues that a remand is necessary because the PCRA court failed to provide adequate notice of its intent to dismiss his petition. Rule 1507(a)[3] of the Pennsylvania Rules of Criminal Procedure requires that, where upon review of the petition and answer the PCRA court is convinced that no meritorious issues are presented and dismissal is appropriate without further proceedings, the court shall provide the defendant notice of its intention to dismiss and 10

---

> dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

[3] Rule 1507 was the predecessor of Rule 907. Rule 1507(a) was nearly identical to Rule 907(1). However, Rule 1507(a) granted a petitioner only ten days to respond to the court's notice of its intent to dismiss the petition without holding an evidentiary hearing. **See Albrecht**, 720 A.2d at 709 n.18 (quoting Pa.R.Crim.P. 1507(a)).

days to respond with reasons why dismissal is inappropriate. Here, the PCRA court did not summarily dismiss the petition upon initial review, but rather ordered the appointment of counsel, the filing of an amended petition, and the briefing of the legal issues presented. Therefore, Rule 1507(a), by its own terms, is inapplicable….

**Albrecht**, 720 A.2d at 709-10 (footnote omitted).

Here, the PCRA court did not summarily dismiss Appellant's PCRA petition upon initial review. Instead, the court appointed counsel and entertained two amended PCRA petitions, as well as Appellant's various other motions. Thus, Rule 907(1) was inapplicable. Moreover, even if we assume *arguendo* that the court somehow violated Rule 907(1), we find such a procedural error harmless in this case, as Appellant has failed to identify any issues that would have required the PCRA court to hold an evidentiary hearing.

Appellant has failed to present this Court with an issue worthy of relief. We therefore affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/9/2016