J-S04034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALCOME JAMARR GREENE, | : | |
| | : | |
| Appellant | : | No.  411 WDA 2015 |

Appeal from the PCRA Order February 5, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0001250-2009

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 11, 2016**

Malcome Jamarr Greene (Appellant) appeals from the order entered on February 5, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter can be summarized as follows.

> Appellant was charged in connection with a shooting that occurred in the early morning hours of November 21, 2008 at the A-Plus Minimart/Sunoco Station in north Pittsburgh.  After police were dispatched to the scene, Officer Michael Kelly of the Pittsburgh Police found the shooting victim, S.G., a Caucasian male, lying on the ground as he had been shot in the leg, pelvis, and buttocks.  No weapons were found at the crime scene.  S.G. was taken to the hospital in critical condition.  After S.G.'s condition improved, he was able to identify Appellant as the shooter.

> On April 11, 2011, Appellant proceeded to a jury trial [] where the following factual history was developed.  After drinking at a local club, S.G. had stopped at the convenience store to buy cigarettes on the night of the shooting.  Conceding that he was intoxicated that evening, S.G. admitted he became

*Retired Senior Judge assigned to the Superior Court.

argumentative with several African-American customers (including Appellant) and used offensive language, which included profanity and racial slurs. After S.G. exited the convenience store, an unidentified black male followed S.G. and confronted him in the parking lot. S.G. admitted he argued with this man, but never threw any punches and simply walked away. Shortly thereafter, S.G. claims Appellant shot him several times. S.G. claims that Appellant sped away from the scene in his vehicle.

Several days after the shooting, Appellant made a statement to [] Pittsburgh police detectives. Appellant claimed the victim had come into the convenience store the night of the shooting and had acted belligerently towards him, by cursing and calling him names. As the victim was leaving the store, Appellant alleged the victim attempted to prevent a large African-American man from leaving the store. When both men exited the store, Appellant claimed the two men got into a fistfight where S.G. was punching the larger black male in the head. After Appellant approached the men in a purported attempt to help, Appellant contends that S.G. "began to come after" him and chased Appellant around the parking lot in circles. Appellant then pulled out a gun and shot S.G. several times. Claiming that he did not feel he hurt S.G. in any way, Appellant got in his vehicle and left the scene of the shooting.

After giving his statement, Appellant gave the police consent to search his residence and assured them they would find the firearm used in the shooting in his bedroom. Officers found a firearm underneath Appellant's bed, but ballistics evidence later showed that this was not the weapon used in the shooting as shell casings found at the crime scene did not belong to that gun. At trial, Appellant claimed the gun he used in the shooting had been stolen. Police never located the weapon Appellant used to shoot S.G.

The Commonwealth presented two eyewitnesses whose testimony conflicted with Appellant's account of the shooting. LaDawn Gardner was present in the convenience store and witnessed S.G.'s drunken rant at the other customers. She exited the store to pump gas in her vehicle and witnessed S.G and the unidentified black male attempt to fight in the parking lot. She testified that the men swung their fists at each other,

but failed to make any physical contact. Gardner claimed that Appellant came around the corner with a gun. After S.G. turned to see Appellant pointing the gun at him, S.G. dared Appellant to shoot him. Appellant shot the victim at close range several times.

John Lonett was also an eyewitness to the shooting and was present in the convenience store when S.G. pushed the larger black male near the doorway. While Lonett was pumping gas for his vehicle, he saw S.G. and the larger black man get into a "scuffle," but did not witness either man throwing a punch. Lonett testified that Appellant came around the corner and walked toward S.G. After the men began to yell at each other, Appellant shot at S.G.'s feet, causing S.G. to jump. Appellant continued firing at S.G., after which S.G. fell to the ground and Appellant left the scene in his vehicle.

At the conclusion of the trial, the jury acquitted Appellant of attempted homicide, but convicted him of aggravated assault[, 18 Pa.C.S. § 2702(a)(1)]. On June 20, 2011, the trial court sentenced Appellant to an aggregate term of five to twenty years [of] imprisonment for the aggravated assault. On June 30, 2011, Appellant filed a post-sentence motion, which the trial court denied on July 7, 2011. [Appellant timely filed a direct appeal.]

*Commonwealth v. Greene*, 60 A.35 585 (Pa. Super. 2012) (unpublished memorandum at 1-4).

This Court affirmed Appellant's judgment of sentence on August 30, 2012. *Id.* Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 14, 2013. *Commonwealth v. Greene*, 619 Pa. 699 (2013). On March 18, 2014, Appellant *pro se* timely filed a PCRA petition. The PCRA court appointed counsel to represent Appellant, and counsel filed an amended PCRA petition on Appellant's behalf.

On January 15, 2015, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907(1) stating that the court intended to dismiss the PCRA petition without holding an evidentiary hearing. The court then dismissed the petition on February 5, 2015. Appellant timely filed a notice of appeal.

On appeal, Appellant argues that the PCRA court erred by dismissing his PCRA petition without holding an evidentiary hearing. More specifically, Appellant contends that the court incorrectly concluded that trial counsel did not render ineffective assistance. According to Appellant, "trial counsel was ineffective for failing to request that the jury be instructed on the lesser included offenses of aggravated assault under 18 Pa.C.S. § 2702(a)(4), recklessly endangering another person under 18 Pa.C.S. § 2705, and simple assault under 18 Pa.C.S. § 2701." Appellant's Brief at 12 (unnecessary capitalization omitted). The PCRA court rejected this claim by concluding, *inter alia*, that Appellant was not prejudiced by counsel's failure to request such instructions. We agree with this conclusion.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct,

there is a reasonable probability the outcome of the proceedings would have been different." ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).

Even if we assume *arguendo* that trial counsel should have requested that the trial court charge the jury on lesser included offenses of aggravated assault, 18 Pa.C.S. § 2702(a)(1),[1] counsel's inaction did not prejudice Appellant. The jury's verdict makes clear that they were convinced beyond a reasonable doubt that Appellant was guilty of aggravated assault as defined in subsection 2702(a)(1). Such a verdict demonstrates that, had the jury been charged on lesser included offenses of aggravated assault, they simply would have convicted him of those offenses as well, and the lesser-included-offense convictions would have merged with aggravated assault for purposes of sentencing. Thus, absent counsel's alleged failure to request jury instructions on the lesser included offenses, there is not a reasonable probability that the outcome of Appellant's trial would have been different. Consequently, we conclude that the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

---

[1] Subsection 2702(a)(1) provides, "A person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/11/2016