J-S35033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH R. EMANUELE | : | |
| | : | |
| Appellant | : | No. 1831 WDA 2016 |

Appeal from the PCRA Order November 3, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013429-2014

BEFORE:   LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 21, 2017**

Appellant Joseph R. Emanuele appeals from the order of the Court of Common Pleas of Allegheny County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appellant raises two claims of ineffective assistance of counsel.  We affirm.

On February 25, 2015, a jury convicted Appellant of two counts of robbery, one count of receiving stolen property, and one count of theft by unlawful taking.  On May 14, 2015, the trial court sentenced Appellant to an aggregate term of four to eight years' incarceration to be followed by ten

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

years' probation. During trial and sentencing, Appellant was represented by Jeffrey A. Hawn, Esquire.

On June 3, 2015, the trial court filed an order, acknowledging receipt of a handwritten note in which Appellant requested an appeal. The order directed Attorney Hawn to perfect Appellant's appeal. On June 16, 2015, Attorney Hawn filed a post-sentence motion along with a motion to withdraw as counsel. On June 18, 2015, the trial court denied Appellant's post-sentence motion as untimely and denied Attorney Hawn's motion to withdraw.

On November 18, 2015, Appellant filed a *pro se* PCRA petition, raising general claims of Attorney Hawn's ineffectiveness. Thereafter, the PCRA court appointed John K. Hempel, Esq., who filed an amended PCRA petition on August 5, 2016, raising ineffective assistance claims against trial counsel for failing to object to a specific jury instruction and in failing to poll the jury. On September 21, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to this order. On November 3, 2016, the PCRA court denied Appellant's petition. This timely appeal followed.

Appellant raises two issues for our review on appeal:

I.    Whether the PCRA court properly dismissed Appellant's claim that trial counsel rendered ineffective assistance for failing to poll the jury?

II.    Whether the PCRA court properly dismissed Appellant's claim that trial counsel rendered ineffective assistance for

failing to object to the trial court's *sua sponte* issuance of written jury instructions without instructing the jury that written and oral instructions must be given equal weight?

Appellant's Brief, at 1.

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Mitchell**, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing **Strickland v. Washington**, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting **Commonwealth v. Pierce**, 567 Pa. 186, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice

when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Johnson**, 600 Pa. 329, 345–46, 966 A.2d 523, 532–33 (2009) (quoting **Strickland,** 466 U.S. at 694). The failure to satisfy any one of the three prongs will cause the entire claim to fail. **Sneed**, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

First, Appellant claims trial counsel was ineffective in failing to poll the jury after their verdict was read. Appellant suggests that instances of possible juror dissent existed as the jury foreperson never stated that the verdict was unanimous and the trial court did not inquire whether the verdict was unanimous.

This Court has established that defense counsel's failure to request a jury poll is not *per se* ineffectiveness. **Commonwealth v. Jones**, 2013 PA Super 203, 71 A.3d 1061, 1063 (2013). Rather, a petitioner raising a challenge to counsel's failure to poll the jury must establish ineffectiveness through the tripartite test set forth above. **Id**. In **Commonwealth v. Martin**, 499 A.2d 344, 350 (Pa.Super. 1985), this Court concluded that there was no arguable merit to the appellant's claim that counsel was ineffective for failing to poll the jury as the appellant failed to offer evidence that any of the jurors did not voluntarily join in the announced verdict. Similarly, in **Commonwealth v. Johnson**, 459 A.2d 5, 11 (Pa.Super. 1983), this Court refused to grant appellant relief on his ineffectiveness claim based on counsel's choice not to poll the jury as "[t]here was no hint

of any juror's dissatisfaction with the foreman's verdict announcements, nor does [the] appellant allege any other incidents reflecting a particular juror's dissatisfaction with the verdicts."

In the same manner, Appellant's claim that a jury member may have been dissatisfied with the verdicts reached in this case is mere speculation. The trial court provided the jury with a detailed instruction emphasizing the requirement that its verdict be unanimous:

> **Your verdict must be unanimous. That means all twelve final jurors must agree to it.** You have a duty to consult with each other and to deliberate with a view to reaching an agreement if this can be done without doing any violence to your own individual judgment. Each of you must decide the case for him or herself, but only after there has been impartial consideration with your fellow jurors.
>
> In the course of deliberations, each juror should not hesitate to re-examine his or her own view and change that opinion if convinced that it is erroneous. However, none of you should surrender an honest conviction as to the weight or effect of the evidence solely on the opinion of his or her fellow jurors or merely for the purpose of reaching a verdict.

Notes of Testimony (N.T.), 2/24/15 – 2/25/15, at 133-34 (emphasis added).

After a short two-hour deliberation period, the jury returned and announced through its foreperson that it had convicted Appellant on all the individual counts that were charged. After the verdict was read, the trial court clerk asked the jury members to confirm on the record that they found Appellant guilty of these charges.

> The Clerk: Members of the jury, hearken to your verdict, as the Court has recorded it in the issue joined between the Commonwealth of Pennsylvania and the Defendant, Joseph

> Robert Emanuele, you say you find the Defendant at CC 2013013429 as to robbery, serious bodily injury to Diane Miller, guilty. Robbery, financial institution, guilty. Receiving stolen property, guilty. Theft by unlawful taking, moveable property, guilty, and so say you all. Please respond I do.

> The jury: I do.

N.T. at 141 (emphasis added). Moreover, there is an indication on the record that the trial court subsequently dismissed Appellant and cleared the courtroom so that the court "could have the opportunity to talk to the jury." *Id*. None of the jury members expressed disagreement with the verdict during this exchange with the trial judge.

Based on the trial court's clear instruction emphasizing that the jury's verdict had to be unanimous, the fact that there was no indication that any juror disagreed with the verdict, and the brevity of the jury's two-hour deliberation period, we conclude that there is no arguable merit to Appellant's claim of ineffectiveness based on counsel's decision not to request a polling of the jury.

Second, Appellant claims trial counsel was ineffective in failing to object to the form and substance of one of the trial court's jury instructions.

> When evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Proctor*, 156 A.3d 261, 269 (Pa.Super. 2017) (citations omitted).

Specifically, Appellant argues that counsel was ineffective in failing to object to the trial court's decision to allow the jury to have written copies of its charge on the elements of the crimes charged without a necessary jury instruction. Pennsylvania Rule of Criminal Procedure 646 provides that the trial judge may permit the jury to consult certain materials for deliberation. Rule 646 states in relevant part:

> (B) The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.
>
> (1) If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.
>
> (2) The judge shall instruct the jury about the use of the written charge. At a minimum, the judge shall instruct the jurors that
>
>> (a) the entire charge, written and oral, shall be given equal weight; and
>>
>> (b) the jury may submit questions regarding any portion of the charge.

Pa. R. Crim. P. 646(B).

Appellant claims that trial counsel should have objected to the trial court's failure to instruct the jury that its written and oral instructions should be given equal weight as provided in Rule 646(B)(2)(a). However, while the

trial court did not use the exact terminology desired by Appellant, the trial court did emphasize to the jury that it was equally important to follow all of the instructions it provided. Specifically, the trial court stated:

> As I told you at the beginning, I will now instruct you as to the law that you must apply to this case. It is your duty to follow these instructions. You should consider these instructions as a whole. You may not pick out one instruction and disregard others.

N.T. at 116-17.

This instruction clearly advised the jury that they were not to give undue weight to any particular instruction, which included the written instructions. The trial court emphasized that all the jury instructions must be given equal weight. While Appellant challenges trial counsel's decision to refrain from questioning the trial court's broad discretion in phrasing its instructions, the trial court's wording of its jury instruction clearly, adequately, and accurately presented the law to the jury for its consideration.

In addition, the trial court assured the jury that they were welcome to ask any questions about any of the jury instructions:

> If during your deliberations you have any questions on matters related to the case, direct them to me in writing signed by the foreperson. You may ask questions about any of the instructions that I have given you – actually I'm going to send the charge with the actual crime and elements of the crime out with you given there are so many and you may ask questions about any of the instructions that I given you to whether they were given – they will be given to you. My tipstaff, Ms. Ross, will be available to attend to your needs during deliberations to act as a liaison between you and the Court.

N.T. at 137-38. Accordingly, we find this ineffectiveness claim also lacks arguable merit.

For the foregoing reasons, we affirm the order denying Appellant's PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2017