J-S38033-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. MCANULTY, | : | |
| | : | |
| Appellant | : | No. 2 WDA 2018 |

Appeal from the PCRA Order November 28, 2017
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003108-2010
CP-65-CR-0003147-2010

BEFORE:   BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   FILED JULY 27, 2018

Richard A. McAnulty (Appellant) appeals from the November 28, 2017[1] order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm, albeit on a different basis than the PCRA court.[2]

The facts underlying Appellant's convictions were detailed at length by a prior panel of this Court.  See Commonwealth v. McAnulty, 81 A.3d 1004 (Pa. Super. 2013) (unpublished memorandum at 2-9).  Briefly,

_____

[1] The PCRA court's opinion and order dismissing Appellant's PCRA petition was dated November 22, 2017, but was not filed until November 28, 2017. We have updated the caption accordingly.

[2] See Commonwealth v. Clouser, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) ("It is well-settled that this Court may affirm on any basis.").


*Retired Senior Judge assigned to the Superior Court.

Appellant was tried by a jury for the murder of his wife's ex-paramour (the victim). As part of his provocation defense, Appellant introduced into evidence four e-mails that the victim had sent to Appellant's wife, which Appellant allegedly read the morning of the murder. The Commonwealth's computer expert, Glen Bard, was not available during trial to testify to their authenticity, so Appellant called his wife as a witness in his case-in-chief to authenticate the e-mails.[3] She authenticated the e-mails and they were introduced into evidence. At the conclusion of the trial, Appellant was convicted of, inter alia, first-degree murder. On August 9, 2011, Appellant was sentenced to life imprisonment without the possibility of parole, and a consecutive term of five to ten years of incarceration for person not to possess a firearm.

Following the denial of post-sentence motions, Appellant filed a notice of appeal to this Court. Relevant to the instant appeal, in affirming Appellant's judgment of sentence, we found, inter alia, that the trial court did not err in denying a missing witness jury instruction for Bard, and that "Bard's absence did not cause any prejudice to [Appellant] as [his wife] authenticated the e-mail in question… and the court subsequently admitted it into evidence. Bard's testimony, therefore, would have been 'merely cumulative,' of [Appellant's wife's] testimony." McAnulty, 81 A.3d 1004

_____

[3] The Commonwealth did not call Appellant's wife in its case-in-chief.

(unpublished memorandum at 13-14) (citation omitted). On December 19, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. See Commonwealth v. McAnulty, 83 A.3d 168 (Pa. 2013).

Appellant timely filed pro se his first PCRA petition on March 21, 2014. The PCRA court appointed counsel, who filed an amended PCRA petition on February 25, 2015, alleging that trial counsel was ineffective for, inter alia, failing to call Bard to authenticate the e-mails. Specifically, Appellant argued that this failure forced Appellant to call his wife to authenticate the e-mails, and her testimony undermined the credibility of his expert witness regarding his provocation defense. Amended PCRA Petition, 2/25/2015, at 10. Following a hearing at which Appellant's trial counsel testified, the PCRA court dismissed Appellant's PCRA petition because "the prejudice element of [Appellant's] claim of ineffective assistance of counsel in failing to call [] Bard to authenticate the e-mails has been finally litigated[.]"[4] PCRA Court Opinion, 11/28/2017, at 9 (internal quotation marks omitted). Alternatively, the PCRA court found that Appellant was not prejudiced by his wife's testimony. Id.

---

[4] We disagree with the trial court that Appellant's claim was previously litigated. This Court's holding only considered whether Appellant was prejudiced by counsel's failure to call Bard. See McAnulty, 81 A.3d 1004 (unpublished memorandum at 13-14). Appellant asserted in his PCRA petition that because Bard was unavailable he was forced to call his wife as a witness to authenticate the e-mails, and that he was prejudiced by her testimony. Amended PCRA Petition, 2/25/2015, at 10. That claim has not been previously litigated, and thus we address it on the merits.

Appellant timely filed a notice of appeal to this Court.[5]  On appeal,

Appellant presents one claim for our consideration.

> Whether the [PCRA] court erred in finding Appellant's claim for ineffective assistance of counsel, based on trial counsel's failure to call computer expert, Glen Bard, as a witness, is without merit when the failure to call Mr. Bard as a witness to authenticate emails favorable to Appellant's defense theory forced Appellant to call his [w]ife to authenticate the emails and while [she] did authenticate the emails, she provided testimony that undermined the credibility of [Appellant's] forensic psychiatric expert[] and [Appellant's] defense strategy[.]

Appellant's Brief at 4 (PCRA court answer omitted).

> We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary.  Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

Commonwealth v. Benner, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

Commonwealth v. Perry, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

"To establish ineffectiveness of counsel, a PCRA petitioner must show

the underlying claim has arguable merit, counsel's actions lacked any

_____

[5] Appellant complied with Pa.R.A.P. 1925(b).  The PCRA court complied with Pa.R.A.P. 1925(a) by issuing a statement directing this Court to its opinion and order dated November 22, 2017.  PCRA Court Decree, 1/16/2018.

reasonable basis, and counsel's actions prejudiced the petitioner." Commonwealth v. Jones, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009).

> To be entitled to relief on a claim of ineffectiveness for failure to call a witness, [an] appellant must demonstrate [that]: [1.] the witness existed, [2.] was available, and [3.] willing to cooperate; [4.] counsel knew or should have known of the witness; and [5.] the absence of the witness's testimony prejudiced [the] appellant. A PCRA petitioner cannot succeed on such a claim if the proposed witness'[s] testimony would not have materially aided him. In such a case, the underlying-merit and prejudice prongs of the [ineffective assistance of counsel] test logically overlap. To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's allegedly unprofessional conduct, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Commonwealth v. Johnson, 139 A.3d 1257, 1284 (Pa. 2016) (internal quotation marks and citations omitted).

Appellant asserted in his PCRA petition that because Bard was unavailable he was forced to call his wife as a witness to authenticate the e-mails, and that he was prejudiced by her testimony. Amended PCRA Petition, 2/25/2015, at 10. During Appellant's case-in-chief, Appellant's wife testified on cross-examination that she was aware that Appellant had read the first three e-mails, but was unaware whether he had read the fourth and most recent e-mail, dated June 21, 2010. N.T., 7/7/2011-7/18/2011, at

660-61. According to Appellant, this testimony "undermined the credibility of defense expert Dr. Bernstein who wrote his report and testified based on the fact that [Appellant] had viewed the e[-]mail dated June 21, 2010, along with the other three emails … [before he] went into an extended period of rage for hours[.]" Appellant's Brief at 16.

We agree with the PCRA court that Appellant's wife's "testimony that she was unaware whether [Appellant] had read the fourth e-mail of June 21, 2010, most certainly does not contradict his defense that he had read it, and her testimony which accompanied her authentication of the four e-mails was in no way prejudicial." PCRA Court Opinion, 11/28/2017, at 9. Appellant's wife did not testify that Appellant had not read the e-mail, she merely stated that she was unaware personally whether he had or had not read the e-mail. This in no way contradicts Dr. Bernstein's testimony that Appellant had read all four e-mails the morning of the murder. Moreover, upon review of her testimony in its entirety, we can discern no statement that was prejudicial to Appellant. In fact, her testimony bolstered his defense by affirming that he was aware of the first three e-mails and had access to her personal e-mail account. N.T., 7/7/2011, 7/11-14/2011, & 7/18/2011, at 658-62.

Accordingly, we conclude that Appellant was not prejudiced by his wife's testimony. Because Appellant has not proven the prejudice prong, the PCRA court did not err in dismissing Appellant's PCRA petition. See

Daniels, supra ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2018