J-S55010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARKLEY CHARLES | |
| Appellant | No. 2367 EDA 2015 |

Appeal from the PCRA Order July 22, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003589-2012

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 19, 2016**

Markley Charles appeals from the order entered in the Court of Common Pleas of Montgomery County denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Upon careful review, we affirm.

In February 2012, Markley Charles, then 24 years old, allegedly received oral sex from a then-15-year-old girl, the victim, who had become highly intoxicated at a party at an apartment complex in Upper Moreland Township, Montgomery County. Police investigating a missing persons report from the girl's mother found the minor alone and unconscious in a vacant apartment unit with her underwear and pants inside out. A

---

[*] Former Justice specially assigned to the Superior Court.

subsequent medical examination of the minor revealed the presence of a vaginal abrasion. During police questioning, defendant admitted that he had been told the minor was 15-years-old, knew that she was highly intoxicated, and had received oral sex from her in the vacant apartment.

The victim reported consuming at least 4 cups of an alcoholic beverage at a party in apartment 240P. She recalled falling down the steps at the party. She also remembered being in a different apartment with an unknown male. The male told her "he needed to leave because he did not want to get in trouble as a result of being older than her." N.T. Trial, 2/28/2012, at 9. She reported to the police that she did not consent to sexual contact with anyone at the party.

Dana Harding, who was also a guest at the party, admitted that she found the victim extremely intoxicated in apartment 240P. Harding explained that she, Mike Charles, and a third unknown male carried the victim from the scene and transported her to a vacant apartment located at 220G, where another party was being held. They carried the victim to an unfurnished bedroom in that apartment, placed her on the floor and covered her with a sweater. When Harding subsequently returned to the bedroom, she found the victim naked from the waist down. Harding then left the party.

Another partygoer, Tyray Moss, testified that he was at a party at 220G, where he saw the victim unconscious on a bedroom floor. Later he found that same bedroom door closed. After opening the door, he observed

a black male, later identified as Markley Charles, lying on the floor next to the victim, who was still unconscious. Moss said that Charles had his pants down and that the victim's head was in Charles's crotch. Moss said that Charles came out of the room, and the victim was still lying unconscious on the floor, not moving.

During police questioning, Charles admitted that he and his brother Roubins Charles ("Roubins") purchased Bacardi 151 Rum and Colt .45 Blast, which was furnished to both minors and adults at the party. Roubins met the victim at the party in 240P. He also admitted that he knew that the victim was fifteen years old and that she was highly intoxicated. Roubins told the police that the victim was "pissy drunk. . . scared, paranoid, and did not know what to do." N.T. Trial, 2/28/2012, at 9-10. He also witnessed the victim fall down a set of approximately twelve stairs, two separate times. Robins admitted that he helped Harding and his brother, Charles, carry the victim to a vehicle and transport her to the vacant apartment at 220G. Roubins told police that he later found the victim alone in a rear bedroom. Charles went into the bedroom with the victim and closed the door. He admitted that he did lie down with the victim and that her "pants and drawers were off." Charles at first told the police that the victim aggressively requested sex from him, but he resisted. Charles then changed his story and admitted that he had received oral sex from the victim.

Following a stipulated bench trial, Charles was convicted of rape,[1] statutory sexual assault,[2] involuntary deviate sexual intercourse with a child under sixteen (16),[3] sexual assault,[4] and corruption of minors.[5] The court sentenced Charles to the agreed aggregate sentence, eight to sixteen years. Charles did not file a direct appeal. On July 24, 2014, he filed a timely *pro se* PCRA petition. The court appointed the Public Defender's Office to serve as PCRA counsel, which filed an amended petition asserting trial counsel was ineffective. Following a hearing, the court denied Charles' PCRA petition on July 22, 2015. Counsel for Charles filed a court-ordered Rule 1925(b) statement on August 31, 2015.[6]

---

[1] 18 Pa.C.S.A. § 3121(a)(3).

[2] 18 Pa.C.S.A. § 3122.1.

[3] 18 Pa.C.S.A. § 3123(a)(3), (7).

[4] 18 Pa.C.S.A. § 3124.1.

[5] 18 Pa.C.S.A. § 6301 (a)(1).

[6] Charles filed his Rule 1925(b) statement three days late. Accompanying the Rule 1925(b) statement was a "Nunc Pro Tunc Request for Extension of Time to File Concise Statement." Despite the fact that the certificate of service was attached to the concise statement and *nunc pro tunc* request, the trial court had no record of receiving these documents.

Effective July 25, 2007, the Pennsylvania Supreme Court adopted significant amendments to Rule 1925, including a provision to remedy criminal defense counsel's failure to file a Rule 1925(b) statement as ordered. That provision, contained in Rule 1925(c)(3), states:

*(Footnote Continued Next Page)*

On appeal, Charles raises the following issues for our review:

1. Whether the PCRA court committed an error of law and/or abused its discretion in denying petitioner's claim that his trial counsel was ineffective in failing to investigate and/or call witnesses in support of his claim at suppression that the petitioner could not understand and appreciate his rights as provided to him by police at the time of questioning?

2. Whether the PCRA court committed an error of law and/or abused its discretion in denying petitioner's claim that his trial counsel was ineffective in proceeding to a stipulated bench trial, thereby waiving all of the petitioner's rights to confront the witnesses against him, utilizing only the Commonwealth's statements which possessed little, if any, indicia of reliability?

3. Whether the PCRA court committed an error of law and/or abused its discretion in denying petitioner's claim that his trial counsel was ineffective in advising petitioner to proceed to a

_(Footnote Continued)_ _____

(c) Remand. –

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel had been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

The Pennsylvania Supreme Court adopted Rule 1925(c)(3) to avoid unnecessary delay in the disposition on the merits in cases of per se ineffectiveness of appellate counsel. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. 2009) (under amended rule, if there has been untimely filing of concise statement of errors complained of on appeal, appellate court may decide appeal on merits if trial court had adequate opportunity to prepare opinion addressing issues raised on appeal; if trial court did not have adequate opportunity to do so, remand is proper). Here, remand is not necessary because appellant's counsel has filed a Rule 1925(b) statement setting forth the alleged errors, and the trial court has filed an opinion addressing the issue presented. Thus, we will consider the merits of the issues presented on appeal. *Burton*, *supra*.

stipulated bench trial which included the statement of the petitioner, despite the fact that all of the evidence from the remaining witnesses failed to establish that a crime had been committed in violation of the *corpus delicti* rule, particularly where, at the PCRA hearing, trial counsel conceded that he was not aware of the rule?

In reviewing an order dismissing a petition under PCRA, this Court's standard of review is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Rivera**, 10 A.3d 1276, 1278 (Pa. Super. 2010). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence on record, viewed in the light most favorable to the prevailing party at the trial level. **Id.** We may affirm a PCRA court's decision on any grounds if it is supported by the record. **Id.**

In his first issue, Charles claims that the PCRA Court erred in denying his request for a new trial based on trial counsel's ineffective assistance. Charles claims his attorney failed to conduct any investigation or call any witnesses to support his claim that the statement he made after the police issued him **Miranda** warnings was involuntary due to his learning disability and his prior consumption of alcohol.

To be eligible for relief on a claim of ineffectiveness of counsel, a PCRA petitioner must prove that the alleged ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed

effective; the petitioner has the burden to prove otherwise. **Commonwealth v. Payne**, 794 A.2d 902, 906 (Pa. Super. 2002).

In order to prove that counsel was ineffective, the petitioner must show that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered prejudice as a result. **Commonwealth v. Jones**, 71 A.3d 1061, 1063 (Pa. Super. 2013). Prejudice occurs when, but for counsel's conduct, a reasonable probability exists that the outcome of the proceeding would have been different. **Id.** In other words, a defendant must demonstrate how the testimony of an uncalled witness would have benefited him under the circumstances of a given case. **Commonwealth v. Auker**, 681 A.2d 1305, 1319 (Pa. 1996) (citing **Commonwealth v. Sneed**, 899 A.2d 1067, 1076 (Pa. 2006)). Generally, however, the decision whether to call a witness is not *per se* ineffectiveness, rather it is a matter of trial strategy. **Auker**, 681 A.2d at 1319.

If a claimant does not satisfy any of the three prongs, then the court must reject the claim. **Commonwealth v. Cook**, 952 A.2d 594, 614 (Pa. 2008). The reviewing court should not weigh the evidence and thus substitute its judgment for the finder of fact and this includes assessing the credibility of witnesses. **Commonwealth v. Penrose**, 645 A.2d 189, 198 (Pa. 1994).

Here, Charles claims that counsel was ineffective for failing to call two witnesses (his mother and his brother) who could have testified at the

suppression hearing as to Charles's learning disability and his intoxication at the time he gave his statement to police. This claim is meritless. First, the suppression court found credible the testimony of Upper Moreland Police Sergeant James Kelly, who was present when Charles' statement was taken. Sgt. Kelly testified that he neither smelled alcohol on Charles' breath nor noticed any indications that he was under the influence of alcohol. N.T. Suppression Hearing, 2/25/13, at 73-74. Moreover, although Charles' mother and brother both accompanied Charles to the police station to give his statement, neither was called to testify at the PCRA hearing to corroborate Charles' claims of intoxication or learning disabilities. Charles' claim, therefore is meritless. **See Auker**, **supra** (counsel will not be found ineffective for failing to present evidence absent showing witness was available and helpful to defense).

In his second issue, Charles claims counsel was ineffective for waiving his right to a jury trial. The record, however, belies this claim.

According to Pennsylvania Rule of Criminal Procedure 620, a trial judge must determine whether a defendant's waiver is made knowingly. The waiver shall be in writing, made part of the record and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness. Pa.R.Crim.P. 620. Additionally, statements made during a colloquy bind a defendant, and thus the defendant may not contradict those statements he previously made. **Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002).

Here, Charles executed a written waiver of jury trial. Additionally, the court conducted an on-the-record colloquy as follows:

BY THE COURT:

Q. I have a document marked Waiver of Jury Trial, which I will mark as D-1 for identification, and ask you is this the document that you reviewed with your counsel, Mr. Diamond, that is titled Waiver of Jury Trial?

A: Yes, Your Honor.

Q: And is that your signature on the bottom of the page?

A: Yes, Your Honor.

Q: All right. Have you reviewed this with your counsel?

A: Yes, Your Honor.

Q: And is this your decision to be tried by me?

A: Yes, Your Honor.

Q: Instead of a jury, is that correct?

A: Yes, Your Honor.

Q: Do you understand the important rights that you are going to be giving up by not proceeding with a jury?

A: Yes, Your Honor.

Q: The jury would be chosen from members of the community; thereby producing a jury of your peers. You are giving up that right?

A: Yes, Your Honor.

Q: Any verdict rendered by a jury must be unanimous. Do you understand that?

A: Yes, Your Honor.

Q: And you understand all the words?

A: Yes, Your Honor.

Q: Their meaning?

A: Yes, Your Honor.

Q: And you would be permitted to participate in the selection of a jury panel.  And you are giving up that right, obviously?

A: Yes, Your Honor.

Q: Okay. Is there any words on this documents marked D-1 that you do not understand?

A: No, Your Honor.

Q: And you feel comfortable that this is the way you want to proceed, with a bench trial?

A: Yes, Your Honor.

Q: And you are satisfied with your counsel's advice in this matter?

A: Yes, Your Honor.

THE COURT: All right.  The Court finds that the defendant, Markley Charles, has made a knowing, intelligent and voluntary waiver of a jury trial.

N.T. Stipulated Bench Trial, 2/26/13, at 4; Exhibit D-1). As indicated, Charles responded affirmatively to each question.  The record indicates that Charles' waiver of a jury trial was knowing, intelligent and voluntary.  Thus, this claim of ineffectiveness is also meritless.

Finally, Charles claims that trial counsel was ineffective for violating the *corpus delicti* rule.  Specifically, Charles claims counsel's advice to proceed to a bench trial that included admission of his incriminating statement violated the *corpus delicti* rule because no other evidence established that a crime had been committed.  This claim is meritless.

The *corpus delicti* rule requires that the prosecution establish a crime before a court may admit a defendant's confession into evidence against him. **Commonwealth v. Rivera**, 828 A.2d 1094, 1103 (Pa. Super. 2003). This rule prohibits a conviction that is based only on a confession where the Commonwealth presents no other evidence demonstrating that a defendant committed a crime. **Id.** The rule may be satisfied by circumstantial evidence. **Id.** Circumstantial evidence is sufficient when it is consistent with a crime. **Commonwealth v. Gockley**, 192 A.2d 693, 702 (Pa. 1963).

The record contains considerable circumstantial evidence to prove that Charles committed the crimes. One of the witnesses, Tyray Moss, testified that he saw the victim's head in Charles's crotch. In addition, when the police found the victim, her pants and her underwear were inside out. Finally, examination revealed that the minor victim had a vaginal abrasion. Even absent Charles's confession, the evidence presented by the Commonwealth was consistent and demonstrated that the crimes had been committed. Counsel, therefore, was not ineffective in advising Charles to proceed with a stipulated bench trial. The PCRA court's decision is supported by the record.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/19/2016</u>