J-S67027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| ANDRE JONES, | : | |
| Appellant | : | No. 3300 EDA 2016 |

Appeal from the PCRA Order September 28, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006645-2012

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 12, 2017**

Andre Jones ("Jones") appeals, *pro se*, from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. ***See*** PCRA Court Opinion, 12/21/16, at 1-3.

In his brief, the entirety of which is only three pages, Jones identifies six arguments, ***see*** Brief for Appellant at 2-3 (unnumbered), all of which "appear to be based on the contention that he had negotiated a plea agreement with a sentence of 10 to 20 years in prison, which the

_____

* Former Justice specially assigned to the Superior Court.

Commonwealth then allegedly modified without his consent." PCRA Court Opinion, 12/21/16, at 4.[1]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We will consider Jones's first two claims together, as they are related. In his first claim, Jones argues that the Commonwealth committed prosecutorial misconduct by making "an offer it never intended to keep to get a guilty plea." Brief for Appellant at 2 (unnumbered). In his second claim, Jones argues that, due to the Commonwealth's error, his guilty plea was entered under false pretenses. *Id.*

Initially, we observe that Jones failed to provide an adequate discussion of his claims with citations to the record. *See* Pa.R.A.P. 2119(a) (requiring that each point in an argument contain "such discussion and citation of authorities as are deemed pertinent."); *see also* *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that

---

[1] Jones did not include a separate statement of questions involved in his brief. *See* Pa.R.A.P. 2116(a) (providing that "[t]he statement of the questions involved must state concisely the issues to be resolved…. No question will be considered unless it is stated in the statement of questions involved."). Nevertheless, we will not find waiver on this basis.

"where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Accordingly, Jones's first two claims are waived. Moreover, Jones's prosecutorial misconduct claim is not cognizable under the PCRA, and is also waived due to his failure to raise the issue before the trial court or on direct appeal. *See* 42 Pa.C.S.A. § 9543(a)(2) (setting forth the categories of errors for which the PCRA provides a remedy); *id.* 9544(b) (noting that an allegation raised in a PCRA petition is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."); *see also Commonwealth v. Tedford*, 960 A.2d 1, 28-29 (Pa. 2008) (stating that where "no objection was raised, there is no claim of 'prosecutorial misconduct' as such available.").

We will consider Jones's third, fourth, and fifth claims together. In these claims, Jones asserts that his plea counsel was ineffective for failing to withdraw Jones's guilty plea, where Jones did not agree with the Commonwealth's "modified offer." Brief for Appellant at 2-3 (unnumbered). Jones also claims that his counsel was ineffective for failing to object, during the sentencing hearing, to alleged facts and offenses to which he did not plead guilty. *Id.* at 3.[2]

_____

[2] Jones again fails to provide an adequate discussion of his claims with citations to the record. *See* Pa.R.A.P. 2119(a); *see also Johnson, supra*.

In its Opinion, the PCRA court considered Jones's claims that plea counsel was ineffective for failing to withdraw his guilty plea, set forth the relevant law, and concluded that these claims lack merit. **See** PCRA Court Opinion, 12/21/16, at 4-8. We agree with the sound reasoning of the PCRA court, and affirm on this basis as to Jones's challenges to the effectiveness of his plea counsel. **See id.** Further, as the PCRA court noted in its Opinion, "[p]lea counsel did file a post-sentence [M]otion on [Jones's] behalf, raising a claim that the prosecutor had made reference during her sentencing argument to allegations that were not part of the facts admitted to during the guilty plea." **Id.** at 3 n.2. Accordingly, Jones is not entitled to relief on these claims.

In his sixth claim, Jones argues that the trial court erred by "not allowing [Jones] the chance to withdraw his plea when [the Commonwealth] admitted there was an error in offer, knowing what the original offer was." Brief for Appellant at 3 (unnumbered).[3]

Jones failed to raise this claim in his Concise Statement, and therefore, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement … are waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "[a]ny issues not raised in a 1925(b) statement will be waived."). Moreover, we cannot conclude that

---

[3] We additionally observe that Jones failed to develop his claim in a meaningful fashion. **See** Pa.R.A.P. 2119(a); **see also Johnson, supra**.

the trial court erred by denying Jones the opportunity to withdraw his plea, where Jones did not file a motion to withdraw his plea, and we have determined that his plea counsel was not ineffective for failing to do so.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF                              :                        NO. 6645-12
PENNSYLVANIA                                 :
                                             :
          v.                                 :
                                             :
ANDRE MICHAEL JONES                          :

**O P I N I O N**

**SILOW, J.**                                                    DECEMBER 20, 2016

Andre Michael Jones ("defendant") appeals from the order denying his petition under the Post Conviction Relief Act ("PCRA"). For the reasons set forth below, the order should be affirmed.

## I.  FACTUAL AND PROCEDURAL HISTORY

Between February 2007 and August 27, 2012, defendant engaged in vaginal intercourse on numerous occasions with his step-daughter ("A.W.") who, at the time, was under the age of 13. (N.T. 3/12/14, p. 15) He also, on multiple occasions throughout the same time span, performed oral sex on A.W., had A.W. perform oral sex on him and penetrated A.W.'s vagina with a vibrator. (*Id.* at 16)

Defendant was charged with 10 counts of rape of a child less than 13 years of age, 10 counts of statutory sexual assault, 20 counts of involuntary deviate sexual intercourse with a child less than 16 years of age, 10 counts of involuntary deviate sexual intercourse with a child less than 13 years of age,



10 counts of aggravated indecent assault of a child, 10 counts of aggravated indecent assault, 10 counts of aggravated indecent assault of a person less than 16 years of age, one count of endangering the welfare of a child and one count of corruption of minors. On March 12, 2014, he entered an open guilty plea to one count of rape of a child and one count of involuntary deviate sexual intercourse of a child, both felonies of the first degree. In return, the Commonwealth did not seek a mandatory sentence and did not pursue the remaining 80 charges. Sentencing was deferred and this court ordered a pre-sentence investigation report and an assessment by the Sexual Offender Assessment Board. The assessment concluded defendant was not a sexually violent predator.

Defendant appeared for sentencing on August 15, 2014, at which time counsel agreed that the standard range for each conviction was 14 to 20 years. (N.T. 8/15/14, p. 6) The statutory maximum for each offense was 40 years. This court imposed a standard-range sentence 20 to 40 years on the rape of a child conviction and a consecutive 10-year period of probation on the involuntary deviate sexual intercourse conviction.

Defendant, through counsel, filed a timely motion for reconsideration of sentence, which this court denied in an Order dated September 15, 2014. Defendant, through counsel, filed a direct appeal. The Pennsylvania Superior Court affirmed defendant's judgment of sentence. *Commonwealth v. Jones*, 2959 EDA 2014, *memorandum* (Pa. Super. June 23, 2015). Defendant did not

2

file a petition for allowance of appeal with our Supreme Court, making his judgment of sentence final on or about July 23, 2015.

On June 26, 2016, the Montgomery County Clerk of Courts docketed a *pro se* PCRA petition from defendant.[1] Defendant alleged that he had negotiated a 10 to 20 year sentence, only to have the Commonwealth change it on the day of sentencing to 20 to 40 years. He further claimed he had instructed his attorney that he did not want to accept the modified offer and that his plea counsel had been ineffective for failing to raise the issue in a post-sentence motion.[2]

PCRA counsel appointed by this court concluded in a letter prepared in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), that defendant was not eligible for relief. This court subsequently issued a notice of intent to dismiss the PCRA petition without a hearing and granted the withdrawal of PCRA counsel's appearance. Defendant filed a response to the notice. This court, after reviewing the response, dismissed the petition by Order dated September 26, 2016. Defendant filed a *pro se* notice of appeal and subsequently complied with this court's directive to produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

---

[1] Although the petition is not dated, the enclosing envelope bears a postmark of June 22, 2016.

[2] Plea counsel did file a post-sentence motion on defendant's behalf, raising a claim that the prosecutor had made reference during her sentencing argument to allegations that were not part of the facts admitted to during the guilty plea.

3

## II. ISSUES

Defendant raises the following issues in his concise statement:

1. Whether trial counsel was ineffective for: (A) failing to secure a written copy of the Commonwealth's plea offer accepted by the defendant; and (B) failing to withdraw [defendant's] plea of guilty when the Commonwealth at sentencing did admit plea, accepted by defendant and the court, was in error?

2. Whether the Commonwealth committed prosecutorial misconduct by breaching the plea agreement offered or in the alternative for inducing the defendant to plead guilty with an offer the prosecution never intended to honor?

3. Whether [defendant's] plea was unknowing, unintelligent, and involuntary, where the plea accepted by the Court was not the plea reasonably understood by the [defendant] as offered by the Commonwealth?

## III. DISCUSSION

### 1. DEFENDANT'S CLAIMS RELATED TO HIS GUILTY PLEA ARE BELIED BY THE RECORD.

Defendant's three issues, when read in totality, appear to be based on the contention that he had negotiated a plea agreement with a sentence of 10 to 20 years in prison, which the Commonwealth then allegedly modified without his consent. Because that contention is belied by the record, defendant cannot demonstrate a basis for post-conviction relief.[3]

---

[3] With regard to defendant's allegation of that the Commonwealth breached the plea agreement, this claim fails for the additional reason that it could have been, but was not, raised on direct appeal. *See Commonwealth v. Ford*, 809 A.2d 325, 329 (Pa. 2002). To the extent defendant alleges his plea counsel was ineffective for failing to file a post-sentence motion challenging the knowing, voluntary and intelligent nature of the open plea, this claim fails because, as will be demonstrated *infra*, defendant made a knowing, voluntary and

4

A PCRA petitioner seeking relief for alleged ineffectiveness of counsel must prove that the alleged ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S. § 9543(a)(2)(ii). Counsel is presumed to be effective, and the petitioner carries the burden to prove otherwise. *See Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002). To prove counsel ineffectiveness, the petitioner must show that: (1) his underlying claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered prejudice as a result. *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). A defendant "is bound by [his] statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (citation omitted).

The notes of testimony from the open guilty plea hearing plainly indicate that defendant agreed to enter an open guilty plea to rape of a child and involuntary deviate sexual intercourse, with no mention of a negotiated or promised sentence:

---

intelligent decision to plea guilty. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) ("counsel cannot be deemed ineffective for failing to raise a meritless claim.").

5

Q. Do you understand that you are here to plead guilty, an open plea –

A. Uh-huh. Yes, I am.

Q. -- to the two charges as articulated by the Assistant District Attorney?

A. Yes.

\*   \*   \*

Q. Okay. Has your attorney explained to you the maximum period of incarceration and/or fine that you are exposed to on both of these charges you are pleading guilty to today?

A. Yes.

Q. And knowing the maximum exposure, are you still willing to plead guilty?

A. Yes.

Q. It will be up to me to make a determination of what your sentence will be. Do you understand that?

A. Yes, I do.

Q. I mean, naturally, I will be paying close attention to the guidelines that are put forth that I have to follow. But he has explained to you the maximum you are exposed to?

A. Yes, he did.

(N.T., 3/12/14, pp. 10-11, 13-14)

In addition to the oral colloquy, defendant executed a written colloquy in which he acknowledged that no promises had been made to him other than the terms of the plea agreement. (Written Guilty Plea Colloquy, ¶ 31).

6

In exchange for defendant's agreement to admit his guilt to two charges, the Commonwealth agreed to withdraw 80 additional charges. (N.T., 3/12/14, p. 20) Because the bottom end of the standard guideline range exceeded any mandatory minimum sentence, the Commonwealth indicated it did not intend to request the imposition of a mandatory minimum. *Id.* at 7.

At defendant's sentencing hearing, the Commonwealth noted at the outset that the first page of the Pre-Sentence Investigation ("PSI") report indicated the maximum penalty for counts one and forty-one is 20 years when it should have been 40 years. (N.T., 8/15/14, p.3) Defendant now seizes on that correction in an attempt to support a claim that he had a negotiated plea agreement involving a sentence of 10 to 20 years. Defendant, however, did not object to the correction of this typographical error at the sentencing hearing; his counsel did correct certain information in the PSI about defendant's family history. Indeed, defendant interjected during this portion of the sentencing proceeding, *id.* at 4-5, which highlights his prior silence when the Commonwealth made note of the typographical error in the PSI. Counsel also agreed to the calculation of the sentencing guidelines. *Id.* at 5-6. When giving the opportunity to allocute, defendant apologized for what had happened; he did not mention the correction to the maximum penalty on the first page of the PSI. *Id.* at 24.

What defendant did do is acknowledge under oath at the open guilty plea hearing that the undersigned would decide the sentence to be imposed. He further stated under oath that the answers he gave in his written guilty plea

7

colloquy were truthful. Those answers included the affirmative statement that no promises had been made to him in connection with guilty plea other than the terms of his agreement. The plea agreement recited in court during the open guilty plea contained no mention of a negotiated sentence. As such, defendant should not be heard now to contradict his sworn testimony at the open guilty plea hearing in order to cast doubt on the knowing, voluntary and intelligent nature of the decision he made to enter an open guilty plea to only two counts in an 82-count Information and leave the length of the sentence to the discretion of this court, subject to the undisputed sentencing guidelines.

## IV. CONCLUSION

Based upon the foregoing, it is respectfully submitted that the order denying defendant's PCRA petition be affirmed.

BY THE COURT:

_____
GARY S. SILOW           J.

Sent on 12/21/16 to the following:
Clerk of Courts (Original)
District Attorney's Office
Andre Michael Jones (LR 5773)
        SCI Benner Township
        301 Institution Drive
        Bellefonte, PA 16823

I hereby certify that I have forwarded a copy of this Opinion to Andre Michael Jones at the above address by certified mail return receipt requested and regular mail.

_____
Judicial Secretary

8