J-S41031-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DETRICK S. DAWKINS, | : | |
| | : | |
| Appellant | : | No. 64 MDA 2019 |

Appeal from the PCRA Order Entered December 31, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004529-2012

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 16, 2019**

Detrick S. Dawkins (Appellant) appeals from the December 31, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

A prior panel of this Court provided the following factual and procedural history.

> Appellant was charged with, *inter alia*, possession with intent to deliver (PWID) following two controlled buys of crack cocaine inside 316 Hummel Street. Based on the controlled buys, a search warrant was executed for the residence at 316 Hummel Street. Within the residence, officers recovered, *inter alia*, crack cocaine, cash, packaging paraphernalia, cutting agent, indicia for Appellant,[1] and five cell phones. Prior to trial, Appellant filed a motion to suppress the search of the residence. Following a hearing, the trial court denied the motion on January 15, 2014.
>
> _____
> [1] Several items recovered from the middle bedroom bore Appellant's name, including a luggage tag, receipt, mail, and a social security card.

_____
*Retired Senior Judge assigned to the Superior Court.

A second search warrant was obtained and executed on February 6, 2014, to search the seized cell phones. "One of the phones, a Samsung Galaxy, matched the phone number that the [confidential informant] called to make the drug buys. Photos recovered from th[at] cell phone depicted images of [Appellant]." PCRA Court Opinion, 1/8/2018, at 1 n.1. Appellant did not file a motion to suppress this evidence.

Appellant proceeded to a jury trial and was found guilty of PWID.[2] On September 9, 2014, Appellant was sentenced to a term of 27 to 54 months of incarceration. This Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Dawkins*, 151 A.3d 1136 (Pa. Super. 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

_____
[2] Appellant was found not guilty of persons not to possess a firearm, and the Commonwealth withdrew the remaining charges.

On July 25, 2016, Appellant *pro se* timely filed a PCRA petition. The PCRA court appointed counsel, who filed a motion for evidentiary hearing on March 13, 2017. Appellant alleged, *inter alia*, ineffective assistance of appellate counsel for failing to file a petition for allowance of appeal, and ineffective assistance of trial counsel for failing to file a motion to suppress the search of the cell phones.

*Commonwealth v. Dawkins*, 198 A.3d 424 (Pa. Super. 2018)

(unpublished memorandum at 1-3).

Appellant asserted in his initial *pro se* PCRA petition that Officer

Stewart searched the Samsung Galaxy's data to determine which phone

number was associated with it **prior** to securing the warrant, in

- 2 -

contravention of **Riley v. California**, 573 U.S. 373 (2014).[1] PCRA Petition, 7/25/2016, at 4-7. According to Appellant, "[b]ecause the initial search of the phone was done without a warrant, any subsequent information obtained was tainted by the illegality of the primary search [and c]ounsel should have objected[.]" **Id.** at 7; **see also** Motion for Evidentiary Hearing, 3/13/2017, at ¶ 9.

At the July 7, 2017 hearing on this issue, Officer Stewart testified that the cell phones were not accessed or searched until the execution of the second search warrant. N.T., 7/7/2017, at 38. Trial counsel testified that he did not believe there was any reason to move to suppress the evidence from the search of the cell phones because the police's holding of the cell phones in police custody resulted in "a snapshot in time" of the cell phones at the point they were seized, which tolled any potential staleness. **Id.** at 20-21. The PCRA court permitted the filing of post-hearing briefs. In his brief, Appellant expanded his claim to include an allegation that trial counsel was ineffective for failing to object to the search warrant on staleness grounds. **See** Post-Evidentiary Hearing Filing to Supplement PCRA and Argument in Support of Relief, 8/2/2017, at 6-7, 9.

---

[1] In **Riley**, the Supreme Court of the United States held that officers must generally obtain a search warrant to search data on a cell phone, "even when a cell phone is seized incident to arrest[,]" although "other case-specific exceptions may still justify a warrantless search of a particular phone." 573 U.S. at 401-02.

On January 8, 2018, the PCRA court granted in part and denied in part Appellant's PCRA petition. The PCRA court granted Appellant's PCRA petition as to his ineffective assistance of appellate counsel claim by reinstating his right to file a petition for allowance of appeal. Simultaneously, the PCRA court ruled on and dismissed the remainder of Appellant's PCRA petition, including his ineffective assistance of trial counsel claim.

*Dawkins*, 198 A.3d 424 (unpublished memorandum at 3).

The PCRA court credited the testimony of Officer Stewart and trial counsel, and found that Appellant failed to meet his burden of establishing the ineffective assistance of trial counsel. Specifically, it addressed Appellant's claim as follows.

*Riley* involves a warrantless search of a cell phone obtained from a defendant pursuant to a search incident to arrest. In the instant case, a valid search warrant was initially executed for the home, and testimony revealed that the contents of the cell phone[s] were not reviewed prior to the police obtaining a second warrant. The length of time between the first search warrant for the home and the second search warrant for the phones does not render the information stale, as [Appellant] contends. The phones had been in custody and secured, so there was little risk that any information had changed. Even if trial counsel's decision not to pursue suppression was in error, such would not rise to the level of prejudice, given the abundance of evidence of guilt presented at trial. [Appellant] has not met his burden of establishing ineffective assistance of trial counsel.

PCRA Court Opinion, 1/8/2018, at 4 (some citations omitted).

Appellant filed a petition for allowance of appeal with our Supreme Court on February 3, 2018, from this Court's decision affirming his judgment of sentence. On February 5, 2018, while the petition for allowance of appeal was pending, Appellant filed [a] notice of appeal from the PCRA court's order that denied the remainder of his PCRA claims.

*Dawkins*, 198 A.3d 424 (unpublished memorandum at 3).

On appeal to this Court, we affirmed in part and vacated in part the January 8, 2018 PCRA order because "[w]hen the PCRA court reinstated Appellant's right to file a petition for allowance of appeal, his sentence was no longer final. Thus, the PCRA court did not have jurisdiction to consider the merits of Appellant's remaining PCRA claims, and consequently, neither d[id] this Court." *Id.* (unpublished memorandum at 4-5) (citations omitted). We further pointed out that "[b]ecause the PCRA court already held hearings on Appellant's remaining PCRA claims, it may use the already developed evidentiary record in a future PCRA proceeding, and may supplement the record as it sees fit." *Id.* (unpublished memorandum at 5 n.3) (citation omitted).

Our Supreme Court denied Appellant's February 3, 2018 petition for allowance of appeal on June 4, 2018. *See Commonwealth v. Dawkins*, 186 A.3d 945 (Pa. 2018). Appellant timely filed a second amended PCRA petition on October 5, 2018, re-raising his prior PCRA claim that trial counsel was ineffective for failing to file a motion to suppress the evidence obtained in the second search warrant. PCRA Petition, 10/5/2018, at 3-5. Relying on the already developed evidentiary record, the PCRA court dismissed Appellant's PCRA petition. PCRA Order, 12/31/2018.

This timely-filed notice of appeal followed.[2] On appeal, Appellant claims the PCRA court erred in denying his ineffective assistance of trial counsel claim for failing to file a motion to suppress the cell phone evidence. *See* Appellant's Brief at 3. According to Appellant, he established all three prongs for ineffective assistance of counsel. *Id.* at 17-18, 22-23. Further, Appellant argues that the second search warrant was overly broad and relied on stale information. *Id.* at 12-14. In doing so, he relies upon *Riley, supra*, to support his claim.

We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

---

[2] Appellant complied with Pa.R.A.P. 1925(b). In lieu of an opinion, the PCRA court relied on its January 8, 2018 memorandum opinion. *See* Memorandum Statement in Lieu of Opinion, 5/28/2019.

"To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." **Commonwealth v. Jones**, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

While we agree with Appellant that additional messages or phone calls could have been placed to the cell phones after they were seized, this does not negate the PCRA court's finding that the evidence pertaining **to the time of the controlled buys** would have remained unchanged because the phones were untouched while in police custody. Upon review, we find that the PCRA court's findings are supported by the record and are free of legal error. Accordingly, we conclude that Appellant has not established that the underlying claim has arguable merit because the lapse in time did not render the information stale. Even if it did, he failed to establish that he was prejudiced by counsel's failure to file a motion to suppress the evidence from the cell phone search given the abundant evidence from the two controlled buys and the initial search of the residence. Thus, the PCRA court did not err in dismissing Appellant's PCRA petition. **See Daniels, supra** ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2019