**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT TIRRELLE DEVANTE CAREY | : | |
| | : | |
| Appellant | : | No. 60 MDA 2024 |

Appeal from the PCRA Order Entered December 15, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000691-2019

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: OCTOBER 7, 2024**

Robert Tirrelle Devante Carey (Appellant) appeals from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Counsel for Appellant, William Braught, Esquire (Attorney Braught), has filed a petition to withdraw from his representation of Appellant, and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  After careful consideration, we grant counsel's petition to withdraw and affirm the PCRA court's order.

The PCRA court summarized the relevant history underlying this appeal:

[O]n October 26, 2018, the Carlisle Police Department attempted to perform a traffic stop of Appellant's vehicle.  Rather than stopping, Appellant drove away at a high rate of speed before

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

abandoning his vehicle, breaking into a local Carlisle residence, and successfully evading the subsequent search of the area by the Carlisle police. Immediately after the flight, Appellant was charged at Docket CR-566-2019 with, pertinently, Fleeing or Attempting to Elude Police Officer[, 75 Pa.C.S.A. § 3733], a felony [of] the third degree, as well as several summary charges.

Approximately four months later, on February 12, 2019, the Carlisle police received a tip through "Crimewatch" regarding Appellant's location at a residence in North Middleton Township, Cumberland County. After investigating the tip, the police confirmed the identity of the homeowner of that residence, as well as the presence at the residence of a vehicle that Appellant was reportedly driving. Based on that information, a high-risk search warrant was secured for the residence, and executed on February 14, 2019…. Appellant was arrested at the scene and … quantities of drugs were seized inside the residence by the police. [Relevant to this appeal, Appellant was charged at the above docket number with two counts of possession with intent to deliver cocaine and oxycodone (PWID); and one count each of possession of a small amount of marijuana and possession of drug paraphernalia. *See* 35 P.S. § 780-113(a)(30), (31), (32).] Appellant filed a motion to suppress that evidence, which was denied by the Honorable Albert H. Masland on November 5, 2019.

PCRA Court Opinion, 2/20/24, at 2 (footnote omitted).

The matter proceeded to a jury trial on December 11, 2019. The jury convicted Appellant of the above-described charges. On January 13, 2020, the trial court sentenced Appellant to an aggregate prison term of 45-90 months, followed by 12 months of reentry supervision. This Court subsequently vacated Appellant's reentry-supervision sentence, but affirmed the judgment of sentence in all other respects. *See Commonwealth v. Carey*, 249 A.3d 1217, 1229 (Pa. Super. 2021). The Pennsylvania Supreme Court denied allowance of appeal on November 30, 2021. *See Commonwealth v. Carey*, 268 A.3d 373 (Pa. 2021).

- 2 -

The PCRA court described what next transpired:

On January 14, 2022, Appellant filed a "Motion to Modify Sentence *Nunc Pro Tunc*," requesting that his sentence be modified to allow him to be eligible for both the State Drug Treatment program, as well as the State Boot Camp program. That motion was denied without a hearing on February 2, 2022, by the Honorable Albert H. Masland. … [O]n February 16, 2023,[2] Appellant filed a [*pro se* PCRA petition], raising multiple potential grounds for relief. On February 17, 2023, Judge Masland appointed … [Attorney] Braught … to represent Appellant, and granted Attorney Braught sixty (60) days to file an amended PCRA petition if he deemed it appropriate to do so. Ultimately, an amended PCRA petition was filed on October 27, 2023, and scheduled for hearing on November 27, 2023. On November 7, 2023, the Commonwealth filed a continuance request, and on November 9, 2023, Judge Masland entered an order both recusing himself from this case and leaving the rescheduling of the hearing on the merits to the discretion of [the Honorable Jessica E. Brewbaker (the PCRA judge)].

… [The] matter was rescheduled for a hearing on December 15, 2023, which occurred on that date. … [O]n the morning of December 15th[,] Appellant's PCRA counsel filed a second amended PCRA petition, raising the sole question of whether Appellant's trial counsel was ineffective for failing to object to the trial judge's determination that Appellant was not eligible for [sentencing under the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S.A. §§ 4501-4512]. At the conclusion of the

---

[2] It is undisputed Appellant timely filed the instant PCRA petition. All PCRA petitions must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). The PCRA dictates that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the instant petition on February 17, 2023, within one year of February 28, 2022 (the expiration of the time within which Appellant could seek review of his sentence in the United States Supreme Court). *See* U.S. Sup. Ct. R. 13 (stating petitioner has 90 days to file a petition for writ of *certiorari* in the United States Supreme Court).

December 15, 2023, hearing, [the PCRA] court denied Appellant's
PCRA petition….

PCRA Court Opinion, 2/20/24, at 3-4 (footnote added).

Appellant timely appealed.  Appellant and the PCRA court have complied
with Pa.R.A.P. 1925.  Subsequently, Attorney Braught filed in this Court a
petition to withdraw from his representation of Appellant, and a no-merit letter
pursuant to **Turner**/**Finley**.

Prior to addressing the issues identified in the no-merit letter, we first
address Attorney Braught's petition to withdraw.  Pursuant to **Turner**/**Finley**,
independent review of the record by competent counsel is required before
withdrawal on collateral appeal is permitted.  **Commonwealth v. Pitts**, 981
A.2d 875, 876 n.1 (Pa. 2009).  In **Pitts**, our Supreme Court explained that
such independent review requires proof of

1. A "no-merit" letter by PC[R]A counsel detailing the nature and
extent of [counsel's] review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the
petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of
why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the
record; and

5. The PC[R]A court agreeing with counsel that the petition was
meritless.

**Id.** (citation and brackets omitted).

Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes both (1) a copy of the "no-merit" letter; and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Our review discloses that Attorney Braught's petition to withdraw detailed the nature and extent of his review of Appellant's case, listed the issue that Appellant wished to have reviewed, and explained counsel's reasoning for concluding that the issue lacks merit. Additionally, Attorney Braught provided Appellant with a letter notifying him of Attorney Braught's intention to seek permission to withdraw from representation and a copy of the ***Turner***/***Finley*** "no-merit" letter, and advised Appellant of his rights *in lieu* of representation. ***See*** Petition to Withdraw, 6/7/24, Appendix A. Based on the foregoing, we conclude that Attorney Braught substantially complied with the requirements necessary to withdraw from his representation of Appellant. ***See Muzzy***, 141 A.3d 509, 511-12.

We next independently review the issue Appellant wished to raise on appeal to ascertain whether he is entitled to relief. In the "no-merit" letter, Attorney Braught explained,

> Appellant believes that trial counsel was ineffective for failing to challenge the [s]entencing [c]ourt's finding him [ineligible for

sentencing under the RRRI Act,] because other inmates reported they were RRRI eligible who had similar criminal record histories as Appellant.

*Turner*/*Finely* Letter, 6/7/24, ¶ 25.

In reviewing an order denying PCRA relief, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Appellant claims his sentencing counsel rendered ineffective assistance by failing to challenge his ineligibility for sentencing under the RRRI Act. *Turner*/*Finely* Letter, 6/7/24, ¶ 25. "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

"The RRRI Act permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." *Commonwealth v. Hansley*, 47 A.3d 1180, 1186 (Pa. 2012). The RRRI Act does not apply to all defendants, but only to certain "eligible offenders[.]" *Commonwealth v. Hansley*, 47 A.3d 1180, 1186 (Pa. 2012).

The RRRI Act defines "eligible offender" in relevant part, as follows:

**§ 4503. Definitions**

"Eligible offender."  A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

….

**(2)** Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of **an offense involving a deadly weapon or offense under 18 Pa.C.S.**[**A.**] **Ch. 61** (relating to firearms and other dangerous articles) ….

**(3)** Has not been found guilty of or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit … a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L.882, No.111), known as the Crime Victims Act, **except for an offense under 18 Pa.C.S.**[**A.**] **§ 2701 (relating to simple assault)** <u>**when the offense is a misdemeanor of the third degree**</u> ….

61 Pa.C.S.A. § 4503(2)-(3) (emphasis added).

As the PCRA court explained in its opinion,

Appellant is statutorily ineligible for a RRRI sentence under [Section 4503(2) and (3)].  Specifically, Appellant had a 2005

juvenile adjudication for the offense of Simple Assault, **graded as a misdemeanor of the <u>second degree</u>**. An adjudication for Simple Assault, graded as a misdemeanor of the second degree, is a disqualifying offense for RRRI purposes. ***See*** 42 Pa.C.S.A. § 4503(3) …. **Appellant also had prior adult convictions at Docket CR-4682016 for Firearms Not to Be Carried Without a License** (18 Pa.C.S.[A.] § 6106), as well as Possession with Intent to Deliver a Controlled Substance (Cocaine) (35 Pa.C.S.[A.] § 780-113(a)(30)). … [T]he firearms charge alone disqualifies a defendant from RRRI.

PCRA Court Opinion, 2/20/24, at 10 (emphasis added). We agree.

Appellant's prior convictions for simple assault (graded as a second-degree misdemeanor) and carrying a firearm without a license rendered Appellant statutorily ineligible for sentencing under the RRRI Act. 61 Pa.C.S.A. § 4503(2)-(3). Because Appellant's underlying claim of RRRI eligibility lacks arguable merit, his claim of ineffective assistance of sentencing counsel fails. ***Jones***, 71 A.3d at 1063; ***Daniels***, 963 A.2d at 419 (Pa. 2009).

Having determined that the PCRA court's order should be affirmed, and finding no other issues that are arguably meritorious, we grant counsel's petition to withdraw pursuant to **Turner**/**Finley**.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/7/2024